OPINION
{¶ 1} Defendant-appellant Ellsworth Dunwoody appeals the March 15, 2004 Judgment Entry of the Licking County Court of Common Pleas denying his motion to suppress evidence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 27, 2003, an officer of the Newark Police Department observed appellant driving a vehicle without operating tail lights. The officer stopped appellant. In the course of the stop, the officer determined appellant did not possess a valid driver's license and was under six open suspensions. He observed appellant had a strong odor of alcohol about his person and bloodshot eyes.
 {¶ 3} The officer transported appellant to the police station to perform some field sobriety tests. Appellant refused to participate in the field sobriety tests or to provide the officer with a sample of his breath for testing. Following appellant's refusal of the breath test, the officer secured appellant in a holding cell, and left the room to confirm the number of appellant's prior citations. The officer determined appellant had three OMVI offenses in the last six years, and this would be his fourth.
 {¶ 4} Officer Fleming returned to the holding cell, and informed appellant a search warrant would be obtained for appellant's bodily fluids. Appellant then consented to take the BAC test. Five or six minutes elapsed from the time the officer re-entered the interview room until he took appellant to the BAC room. Approximately 20 minutes elapsed while in the BAC room during which the appropriate BAC forms were completed until the BAC test was actually administered.
 {¶ 5} On January 5, 2004 the Licking County Grand Jury indicted appellant on one count of felony driving under the influence and related traffic offenses. On February 4, 2004, appellant filed a motion to suppress evidence. On March 2, 2004, the trial court conducted a hearing on the motion. On March 15, 2004, via Judgment Entry, the trial court denied appellant's motion to suppress.
 {¶ 6} On April 20, 2004, appellant entered pleas of no contest to the charges contained in the indictment. On June 2, 2004, the trial court sentenced appellant.
 {¶ 7} It is from the March 15, 2004 Judgment Entry denying his motion to suppress appellant now appeals assigning as error:
 {¶ 8} "I. The trial court committed harmful error in denying the defendant-appellant's motion to suppress evidence."
 I {¶ 9} First, we must determine what our standard of review is in regard to a trial court's judgment entered on a motion to suppress. In the case of Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657,134 L.Ed.2d 911, the United States Supreme Court held that in reviewing a motion to suppress, the ultimate questions of whether an officer had reasonable suspicion to make an investigatory stop and whether an officer had probable cause to make a warrantless search are reviewed by an appellate court de novo. In conducting the appellate review, the court reviews the trial court's findings of the facts of the case only for clear error and with due weight given to inferences the trial judge drew from the facts. This comports with the mandate in State v. Mills (1992),62 Ohio St.3d 357, 582 N.E.2d 972, wherein the Ohio Supreme Court noted that the evaluation of evidence and the credibility of the witnesses are issues for the trier of fact in the hearing on the motion to suppress. Id. at 366, 582 N.E.2d at 981-982. The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence. Then, however, we proceed to review trial court's application of law to those facts de novo. See, e.g., State v. Beard
(Mar. 26, 1996), Athens App. No. 95CA1685, unreported.
 {¶ 10} Initially, appellant maintains the trial court erred in denying his motion to suppress because the initial stop in this case was unconstitutional; therefore, the fruit of the stop- the evidence obtained after the stop, including the chemical testing- should have been suppressed. Appellant asserts the officer lacked a reasonable, articulable suspicion of criminal activity to justify the stop.
 {¶ 11} The trial court's March 15, 2004 Judgment Entry found:
 {¶ 12} "Patrolman Tim Fleming of the Newark Police Department testified that while on duty on December 27, 2003, * * * he observed a motor vehicle being driven with no taillights. Patrolman Fleming made a traffic stop on the vehicle and when he approached the driver's door he noticed the Defendant behind the wheel and a female in the passenger seat. Defendant stated "I have no driver's license, please don't arrest me or I will lose my job." Patrolman Fleming noticed a strong odor of alcohol and bloodshot eyes. * * *
 {¶ 13} "The Court finds the state possessed reasonable suspicion to stop the Defendant's vehicle on the basis that there were no working taillights. No evidence was presented to the contrary and the officer in fact cited the Defendant for this violation."
 {¶ 14} Again, we are bound to accept the trial court's factual determinations if they are supported by competent and credible evidence. The trial court was in the best position to weigh the evidence and judge the credibility of the witnesses. Based upon the factual determination of the trial court, we find there was an articulable reasonable suspicion or probable cause for the officer to stop appellant's vehicle.
 {¶ 15} Where an officer has an articulable reasonable suspicion or probable case to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question. Dayton v. Erickson (1996), 76 Ohio St.3d 3.
 {¶ 16} Further, appellant maintains he was coerced to consent and did not voluntarily agree to the BAC test; therefore, the results of the test are inadmissible. We disagree.
 {¶ 17} Appellant alleges the officer informed him if he did not provide the requested breath sample, a warrant would be obtained and his blood would be taken, and the officer's statements coerced him into providing the requested breath sample. Appellant argues, when considered in light of the totality of the circumstances, the consent he provided was the direct result of coercion; therefore, insufficient to avoid the necessity for the officer to obtain a warrant.
 {¶ 18} A warrantless search based upon a suspect's consent is valid if his consent is voluntarily given, and not the result of duress or coercion, either express or implied. Schnecklofth v. Bustamonte (1973),412 U.S. 218; State v. Danby (1983), 11 Ohio Spp.3d 38. The voluntariness of a consent is a question of fact determined from the totality of the circumstances. Id.
 {¶ 19} "When an officer informs a suspect he will obtain a search warrant if the individual does not consent to a search, this does not necessarily vitiate an otherwise voluntary consent." United States v.Salvo (1998), 133 F.3d 943. If in fact there were grounds for the issuance of a search warrant, then the well founded advice of a law enforcement agent that absent a consent to search a warrant can be obtained does not constitute coercion." United States v. Farudo (1974),412 U.S. 218.
 {¶ 20} The trial court found there were no misrepresentations made to the appellant. The officer did not make false representations. The court specifically found the officer clearly possessed a sufficient factual basis upon which a neutral and detached magistrate could find probable cause existed upon which to base a warrant authorizing obtaining appellant's blood. Viewing the totality of the circumstances, the trial court had sufficient competent and credible evidence in making the factual determinations, and applying those facts to the law, we conclude appellant's consent to be voluntary, and not the product of coercion.
 {¶ 21} Finally, appellant maintains his BAC test did not meet the procedural requirements which limit the admissibility of the test results obtained without compliance with the requirements. Specifically, appellant asserts the officer failed to comply with the BAC Verified Test Report Form, issued by the Department of Health, which requires a subject be observed for twenty (20) minutes, prior to administration of the test, to prevent oral intake of any material. Ohio Adm. Code 3701-53-02.
 {¶ 22} "The sole purpose of the twenty minute observation period is to prevent the oral intake of any material. Bolivar v. Dick, 76 Ohio St.3d 216,218, 1996-Ohio-409; State v. Steele (1977), 52 Ohio St.2d 187,370 N.E.2d 740. A witness who testifies to that foundational fact is not required to show that the subject was constantly within his view. Statev. Adams (1992), 73 Ohio App.3d 735, 740, 598 N.E.2d 176. Rather, it is necessary to establish only that during the twenty minute period the subject was kept in such a location that the subject's ingestion of any material without the knowledge of the witness is unlikely or improbable. Id. "To overcome that inference, the accused must then show that he or she did, in fact, ingest some material during the twenty-minute period." Id. The mere ascertainment "that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible." Id. citing toSteele, supra, at 192, 370 N.E.2d 740."
 {¶ 23} At the March 2, 2004 hearing on appellant's motion to suppress, Officer Fleming testified:
 {¶ 24} "Q. Okay. Prior to placing the Defendant — actually, I'm going to back up a little bit, Officer. When you placed the Defendant under arrest, did you search him?
 {¶ 25} "A. Yes, sir.
 {¶ 26} "Q. Did you search him for contraband?
 {¶ 27} "A. Yes, sir.
 {¶ 28} "Q. Did you find any contraband on him?
 {¶ 29} "A. Everything that I found on him was taken out of his pockets and —
 {¶ 30} "Q. So, there was nothing —
 {¶ 31} "A. — placed on the front seat of my cruiser.
 {¶ 32} "Q. So, as far as you were aware, there was nothing in the Defendant's possession at the time he was placed in the interview room.
 {¶ 33} "A. Correct."
 {¶ 34} Tr. at 14.
 {¶ 35} Officer Fleming further testified appellant was either locked inside a room or in his physical presence during the twenty minute observation period, which indicates appellant's ingestion of anything was improbable.
 {¶ 36} The testimony is sufficient to establish appellant was kept in a manner and in a location such that his ingestion of any material without the knowledge of the officer was unlikely or improbable. As such, appellant had the burden of overcoming the resulting inference by showing he did, in fact, ingest some material during the twenty-minute period. Defendant failed to offer any evidence he did in fact ingest any material; therefore, the trial court did not error in denying appellant's motion to suppress the evidence.
 {¶ 37} The March 15, 2004 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.