OPINION
{¶ 1} Appellant Lashawn Smith appeals the decision of the Stark County Court of Common Pleas that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On May 26, 2004, at approximately 5:30 p.m., Manzie Johnson stopped Canton Police Officers and told them that Victwan Dorsey had, just minutes earlier, pointed a gun at him as he drove by in a red SUV. Johnson told the officers that Dorsey had three or four other black males in the vehicle with him. This information was broadcasted over the police radio.
 {¶ 3} Sergeant John Dittmore, of the Canton Police Department, and Agent Thomas Hopkins, of the Bureau of Alcohol, Tobacco and Firearms, were patrolling the area where the incident occurred. Sergeant Dittmore began searching for the red SUV or Dorsey's other known vehicle, a blue Ford Expedition. Sergeant Dittmore knew about an on-going dispute between Dorsey and Johnson. Both men had fired guns at each other because of a dispute involving Johnson's niece, who was also Dorsey's girlfriend.
 {¶ 4} Approximately forty minutes after the radio broadcast, Sergeant Dittmore spotted Dorsey talking with three black males. The four men were standing between Dorsey's blue Ford Expedition and a red SUV, which were parked side-by-side on the street. Sergeant Dittmore called for back-up because of Dorsey's reputation for violence and the recent reports involving a gun.
 {¶ 5} Thereafter, as the police approached the scene, Dorsey attempted to leave in the blue Ford Expedition. The other three men began walking away from the scene. The officers approached the men, with their guns drawn, and detained all of them. The officers patted down each person for weapons and asked them their identity. No weapons were discovered during the pat-down searches. Appellant, Dorsey and Todd Stewart were handcuffed and placed in police cruisers. Anduwin Spicer was not handcuffed and was left to stand by one of the vehicles. A records check determined that appellant had an outstanding warrant for his arrest. The officers arrested appellant, on the warrant, and searched him incident to the arrest. The search revealed a packet containing forty-five rocks of crack cocaine.
 {¶ 6} The officers asked Spicer if they could search his person for drugs. Spicer consented to the search. The officer searching Spicer's person focused on the buttocks area and discovered a bulge hanging between the cheeks of Spicer's buttocks. The officer stopped the search and took Spicer, to the police station, for a more thorough search. As the officers escorted Spicer, from the police cruiser, to the police department, Spicer told them that the cocaine had slipped. The officers discovered a packet of cocaine on the garage floor.
 {¶ 7} Subsequently, the Stark County Grand Jury indicted appellant on one count of trafficking in cocaine and one count of possession of cocaine. The indictment also charged a co-defendant, Anduwin Spicer,[1]
with one count of possession of cocaine. Appellant entered a plea of not guilty to the charges. As part of the pre-trial proceedings, appellant filed a motion to suppress arguing the police officers' seizure and subsequent search violated his constitutional rights. The trial court conducted a hearing on appellant's motion. On September 24, 2004, the trial court denied the motion to suppress on the basis that, under the totality of the circumstances, the police officers acted reasonably in their cautious approach and detention of the four men.
 {¶ 8} Following the trial court's ruling on appellant's motion to suppress, appellant changed his plea to no contest. The trial court sentenced appellant to a term of imprisonment for five years. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 9} "I. The trial court did commit reversible error when it overruled defendants/appellants' (sic) motion to suppress."
 I {¶ 10} Appellant contends the trial court erred when it overruled his motion to suppress. We disagree.
 {¶ 11} In support of his sole assignment of error, appellant maintains the trial court should have granted his motion to suppress because the police officers did not have a reasonable articulable suspicion for making an investigatory stop. Most recently, in the case of State v. Dunwoody,
Licking App. No. 2004CA49, 2005-Ohio-219, this court addressed the applicable standard when reviewing a motion to suppress concerning the question of whether an officer had reasonable suspicion to make an investigatory stop. In Dunwoody, we stated:
 {¶ 12} "In the case of Omelas [sic] v. United States (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, the United States Supreme Court held that in reviewing a motion to suppress, the ultimate questions of whether an officer had reasonable suspicion to make an investigatory stop and whether an officer had probable cause to make a warrantless search are reviewed by an appellate court de novo. In conducting the appellate review, the court reviews the trial court's findings of the facts of the case only for clear error and with due weight given to inferences the trial judge drew from the facts. This comports with the mandate in State v. Mills (1992), 62 Ohio St.3d 357, 582 N.E.2d 972, wherein the Ohio Supreme Court noted that the evaluation of evidence and the credibility of the witnesses are issues for the trier of fact in the hearing on the motion to suppress. Id. at 366, 582 N.E.2d at 981-982. The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence. Then, however, we proceed to review trial court's application of law to those facts de novo. See, e.g., Statev. Beard (Mar. 26, 1996), Athens App. No. 95CA1685, unreported." (Emphasis sic.) Id. at ¶ 9.
 {¶ 13} In its judgment entry denying appellant's motion to suppress, the trial court determined the police officers had a reasonable articulable suspicion to make an investigatory stop of appellant. The trial court based its conclusion on essentially three facts. First, the officers received a radio broadcast that Dorsey had driven by Johnson's residence, in a red SUV, with four black males inside, and had brandished a firearm. Judgment Entry, Sept. 24, 2004, at 1.
 {¶ 14} Second, the trial court noted that the officers observed appellant standing on the curb, with Spicer, looking at Todd Stewart and Dorsey speaking. The distance between Dorsey and the other two men was the width of a lane of traffic. Id. at 2. Finally, the trial court found that all of the men outside the SUV were engaged in a common conversation. Id. at 3. Based on these facts, the trial court concluded the officers had a reasonable articulable suspicion to perform an investigatory stop of appellant.
 {¶ 15} In Terry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court held that a police officer may make a brief, warrantless, investigatory stop of an individual, without probable cause, where the police officer reasonably suspects that the individual is or has been involved in criminal activity and is dangerous. The Supreme Court stated:
 {¶ 16} "* * * We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experiences that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." Id. at 30.
 {¶ 17} "[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id. at 27. Thus, the propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus, citing State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 18} In the case sub judice, we have reviewed the transcript of the suppression hearing and find the trial court's factual findings are supported by competent credible evidence. Officer Dittmore testified that he heard a radio broadcast that Dorsey had just driven by Johnson's residence, in a red SUV, and pointed a gun at Johnson. Tr. Vol. I at 10, 44-47. Officer Dittmore also testified that based upon his experience, he believed a weapon could be among any of the men standing around the vehicles because people who are involved in shootings will often pass weapons to other people. Tr. Vol. I at 28, 30; Tr. Vol. II at 22, 37. Officer Shawn Overdorf also testified that upon arriving at the scene, he too was concerned about officer safety because he believed one of the men had a loaded firearm based upon the radio broadcast. Tr. Vol. I at 52.
 {¶ 19} Also, the officers testified regarding the reasons for detaining all four men even though the radio broadcast specifically concerned Dorsey. Officer Dittmore testified that upon first spotting Dorsey, all four men were standing between two vehicles. Tr. Vol. I at 13; Vol. II at 36-37. When back-up arrived, Dorsey was beginning to pull away in his vehicle and the other men were beginning to walk away. Id. Officer Dittmore testified that the men were detained because they were standing next to the red SUV that was involved in the drive-by of Johnson's residence. Tr. Vol. I at 26.
 {¶ 20} Based upon this testimony, we conclude the trial court's factual conclusion that the officers did not violate appellant's constitutional rights when they detained him, for an investigatory stop, is supported by competent credible evidence. We must next review, under a de novo standard, the trial court's application of the law to these facts and determine whether the trial court properly denied appellant's motion to suppress. In doing so, we affirm the decision of the trial court. The record contains evidence that the officers suspected that appellant and the other men had been involved in the drive-by of Johnson's residence. The officers based their suspicions upon the radio broadcast. Further, the officers observed appellant and the other men standing by Dorsey and the red SUV. Thus, in light of the totality of the surrounding circumstances, the officers had a right to conduct an investigatory stop of the men.
 {¶ 21} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
[1] Anduwin Spicer currently has an appeal pending before the court. See Case No. 2004CA00317.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant Smith.