OPINION
{¶ 1} Appellant Craig Shirey appeals the decision of the Fairfield County Municipal Court that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On February 1, 2004, at approximately 3:52 a.m., Sergeant James Greenawalt, of the Lancaster Police Department, responded to a call reporting a fight at 1223 North Columbus Street in the City of Lancaster. While proceeding to the residence, dispatch informed Sergeant Greenawalt that two additional 911 calls had been received regarding shots fired at the residence. As he approached the area, Sergeant Greenawalt turned the lights off on his cruiser so he would be able to approach the scene without detection.
 {¶ 3} While doing so, Sergeant Greenawalt observed a female enter a gold, four-door vehicle parked in front of the residence in question. Thereafter, the vehicle rapidly left the scene. Sergeant Greenawalt suspected the occupants, of the vehicle, had been involved in the firing of the weapon and radioed Officer Marla Morehouse to stop the vehicle. Officer Morehouse stopped the vehicle approximately 400 to 500 feet from the residence.
 {¶ 4} Following the stop, dispatch informed Sergeant Greenawalt that the third 911 call reported a gold, four-door vehicle leaving the scene. Due to the possible presence of a weapon, the officers performed a felony traffic stop and removed, individually, a total of six people from the vehicle. The second occupant informed the officers that a gun was inside the vehicle.
 {¶ 5} After removing all of the occupants, the officers conducted a search and discovered a .20 gauge shotgun. The shotgun was not loaded, but smelled as if it had recently been fired. The officers placed appellant under arrest and transported him to the Lancaster Police Department. Appellant was charged with one count of using weapons while intoxicated, one count of drug abuse, one count of discharging a firearm in the city and one count of improperly handling firearms in a motor vehicle.
 {¶ 6} On June 17, 2004, appellant filed a motion to suppress challenging the initial stop of the vehicle and his subsequent arrest. Following a hearing, the trial court filed a judgment entry denying appellant's motion on October 12, 2004. On November 19, 2004, appellant withdrew his previously entered not guilty plea and plead no contest to the charge of having a weapon while intoxicated. The trial court found him guilty. The state dismissed the remaining charges in exchange for the plea of no contest. The trial court sentenced appellant accordingly.
 {¶ 7} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED IN DETERMINING THAT THE STOP OF THE DEFENDANT WAS SUPPORTED BY REASONABLE AND ARTICULABLE SUSPICION TO BELIEVE THAT THE DEFENDANT WAS ENGAGED IN THE COMMISSION OF A CRIMINAL OFFENSE.
 {¶ 9} "II. THE TRIAL COURT ERRED IN DETERMINING THAT THE WARRANTLESS ARREST OF THE DEFENDANT WAS SUPPORTED BY PROBABLE CAUSE TO BELIEVE THAT HE WAS ENGAGED IN THE COMMISSION OF A CRIMINAL OFFENSE."
 I, II {¶ 10} We will address appellants First and Second Assignments of Error simultaneously as the argument raised in his Second Assignment of Error is also argued in his First Assignment of Error. Appellant maintains, in his First Assignment of Error, that reasonable and articulable suspicion did not exist to believe that he was engaged in the commission of a criminal offense. Appellant maintains, in his Second Assignment of Error, the trial court erred in determining that his warrantless arrest was supported by probable cause to believe that he was engaged in the commission of a criminal offense. We disagree with both assignments of error.
 {¶ 11} Appellant sets forth the following three arguments for our consideration. Appellant argues the stop of his vehicle was not supported by a reasonable and articulable suspicion, the police seized his person when they placed him in the back of a police cruiser, and the seizure amounted to an arrest. In State v. Dunwoody, Licking App. No. 2004CA49, 2005-Ohio-219, we recently addressed the applicable standard when reviewing a motion to suppress concerning the question of whether an officer had reasonable suspicion to make an investigatory stop. InDunwoody, we stated:
 {¶ 12} "In the case of Omelas (sic) v. United States (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.E.2d 911, the United States Supreme Court held that in reviewing a motion to suppress, the ultimate questions of whether an officer had reasonable suspicion to make an investigatory stop and whether an officer had probable cause to make a warrantless search are reviewed by an appellate court de novo. In conducting the appellate review, the court reviews the trial court's findings of the facts of the case only for clear error and with due weight given to inferences the trial judge drew from the facts. This comports with the mandate in State v. Mills (1992), 62 Ohio St.3d 357, 582 N.E.2d 972, wherein the Ohio Supreme Court noted that the evaluation of evidence and the credibility of the witnesses are issues for the trier of fact in the hearing on the motion to suppress. Id. at 366, 582 N.E.2d at 981-982. The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence. Then, however, we proceed to review trial court's application of law to those facts de novo. See, e.g., Statev. Beard (Mar. 26, 1996), Athens App. No. 95CA1685, unreported." (Emphasis sic.) Id. at ¶ 9.
 {¶ 13} Thus, it is based upon the above standard of review that we address appellant's arguments. In its judgment entry denying appellant's motion to suppress, the trial court found the stop of the vehicle to be aTerry stop pursuant to Terry v. Ohio (1968), 392 U.S. 1. Judgment Entry, Oct. 12, 2004, at 7. In Terry, the United States Supreme Court held that a police officer may make a brief, warrantless, investigatory stop of an individual, without probable cause, where the police officer reasonably suspects that the individual is or has been involved in criminal activity and is dangerous.
 {¶ 14} Specifically, the Supreme Court stated:
 {¶ 15} "* * * We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experiences that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." Id. at 30.
 {¶ 16} "[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id. at 27. Thus, the propriety of an investigatory stop by a police officer must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus, citing State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 17} In its judgment entry denying appellant's motion to suppress, the trial court found the officers had reasonable suspicion to stop the vehicle in question. Judgment Entry, Oct. 12, 2004, at 7. The trial court based its finding of reasonable suspicion upon three facts. First, Sergeant Greenawalt observed the vehicle rapidly leaving the scene from where a shot had been fired. Tr. Suppression Hrng., Sept. 17, 2004, at 14-15. The driver of the vehicle cut across streets and alleys in his attempt to leave the scene. Id. at 15-17. Finally, after stopping the vehicle, but prior to making contact with its occupants, the officers learned that the stopped vehicle matched the description of the vehicle that a caller had reported as leaving the scene.
 {¶ 18} Based upon our review of the transcript of the suppression hearing, we conclude the trial court's finding that the officers had reasonable suspicion to stop the vehicle in question is supported by competent credible evidence. We reached a similar conclusion in State v.Franklin (June 15, 1998), Stark App. No. 1997CA00334. In Franklin,
officers were dispatched on a report of either gunshots or explosions in the City of Alliance. One witness informed officers that he observed a man running after the explosion occurred and then saw a white and red conversion van leave the area. Id. at 1. On appeal to this Court, we concluded the officers had reasonable, articulable suspicion to stop the van. In reaching this conclusion, we stated:
 {¶ 19} "In the instant case, the officers clearly had a reasonable suspicion of criminal activity justifying stopping the van. Officers responded to a call that there had been shots fired or an explosion within the city. When they reached the area, witnesses told officers that a suspect had been seen running from the area, and shortly thereafter, a red and white striped conversion van had been seen driving away. One of the officers, who received the dispatch concerning the van, spotted it a few blocks away from the scene of the reported explosion. The vehicle was the only vehicle on the street. The vehicle was traveling away at a high rate of speed. The officers properly made a brief investigatory stop of the van." Id. at 2.
 {¶ 20} Appellant next argues the officers seized his person when they placed him in the back of a police cruiser and that such seizure was not supported by reasonable, articulable suspicion. The trial court agreed with appellant's argument that the officers seized his person when they handcuffed him and placed him in the back of the police cruiser. Judgment Entry, Oct. 12, 2004, at 7-8. A seizure occurs implicating the Fourth Amendment "* * * when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen * * *."State v. Haberman (June 2, 2000), Fairfield App. No. 99CA0068, at 1.
 {¶ 21} However, in agreeing with appellant that a seizure of his person had occurred, the trial court determined the seizure was supported by reasonable suspicion because by the time the officers placed appellant in the police cruiser, they had probable cause to arrest him. Id. at 8. Probable cause exists when at the time of arrest the officer had "* * * facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information * * * sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. State of Ohio, (1964), 379 U.S. 89, 91.
 {¶ 22} In the case sub judice, the trial court found probable cause for the arrest existed because the officers knew a fight had occurred at appellant's residence; at least one shot had been fired; the stopped vehicle had rapidly left the scene of the shooting; and a weapon was in the vehicle near where appellant was seated. Judgment Entry, Oct. 12, 2004, at 8.
 {¶ 23} Pursuant to our review of the transcript of the suppression hearing, we find competent and credible evidence exists that supports the trial court's finding that appellant's person was seized when he was placed in the back of the police cruiser and that such seizure was supported by reasonable, articulable suspicion.
 {¶ 24} Finally, appellant contends the seizure by the police amounted to an arrest which occurred when he was removed from the vehicle, at gun point, handcuffed and made to kneel on the pavement. The trial court found the officer used a greater show of force than what is normally used during a Terry stop. However, the court determined the greater show of force was justified, on the basis of officer safety, due to the report of a weapon. The trial court rejected appellant's argument that he was under arrest at the point he was removed from the police cruiser.
 {¶ 25} In rejecting this argument, the trial court stated the nature of the encounter justified more precautions. Judgment Entry, Oct. 12, 2004, at 8. The trial court also determined the precautions were not unreasonable, especially when the second person removed from the vehicle stated there was a gun present. Id. Finally, the trial court noted there was no showing of an intent to arrest and that it was made clear to each individual removed from the vehicle that they were not being placed under arrest, but merely being secured until the officers could better assess the situation and assure safety. Id.
 {¶ 26} We find the trial court's conclusion is supported by reasonable and competent evidence presented by the testimony of Sergeant Greenawalt and Officer Marla Morehouse, at the suppression hearing. Both officers testified that they informed each occupant of the vehicle that although they were handcuffed and placed in the back of a police cruiser, they were not under arrest. See Tr. Suppression Hrng., Sept. 17, 2004, at 23, 28, 74-75. In State v. Williams (Dec. 12, 2001), Licking App. No. 01-CA-00026, this Court found that "[a] police officer may use handcuffs in the course of an investigatory detention, as long as the use of handcuffs is reasonable under the circumstances." Id. at 4.
 {¶ 27} Based upon the above, we conclude the trial court's factual determinations are supported by competent and credible evidence. Further, the trial court properly applied the law to the factual determinations. Accordingly, the trial court did not err when it denied appellant's motion to suppress.
 {¶ 28} Appellant's First and Second Assignments of Error are overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is hereby affirmed.
Wise, J., Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant.