{¶ 1} Defendant-appellant, Ronald Morgan, appeals from his convictions for drug possession and trafficking and possession of criminal tools. He asserts that the court erred by denying his motion to suppress evidence and by accepting his plea of no contest without first informing him of the mandatory nature of post-release control and the length of time he would be subject to it. We find that the court properly denied appellant's motion to suppress, but that the court erred by accepting his plea of no contest without ensuring that he understood the length of the term of mandatory post-release control to which he would be subject. Therefore, we reverse and remand for further proceedings.
 Procedural History {¶ 2} Appellant was charged in a five-count indictment filed November 24, 2003, with two counts of drug possession, two counts of drug trafficking, and one count of possession of criminal tools. He filed a motion to suppress on November 16, 2004, in which he asserted that the police lacked a reasonable, articulable suspicion to stop appellant's vehicle, and therefore all fruits of that stop should be suppressed. The court held a hearing on this motion on December 2, 2004, after which the court denied the motion. Appellant then entered a plea of no contest to each of the charges on December 6, 2004. He was sentenced to concurrent terms of imprisonment of three years on each of counts one and three, and one year on each of the remaining counts, followed by post-release control.
 {¶ 3} At the suppression hearing, Cleveland Police Detective Joseph Bunjak testified that he was conducting surveillance of a suspected drug house on October 23, 2003. He saw a vehicle leave the scene with three occupants; Detective Bunjak and other police officers followed in undercover vehicles. The occupants left the vehicle at West 46th Street and Storer Avenue and split up. Bunjak and the other police officers lost sight of them.
 {¶ 4} Based on information received from Sergeant Dvorak, Detective Bunjak then began to conduct surveillance of a black automobile with one occupant, later identified as appellant. Detective Bunjak saw a male get out of a beige automobile, which was parked behind the black vehicle. The male approached the black vehicle, then returned to the beige automobile and came back to the black vehicle with a bag in his hand. The male entered the black vehicle, looked at the bag "real quick" then handed it over to the driver, appellant, who left the area. Police followed, stopping the vehicle in the vicinity of West 41th Street and Clark.
 {¶ 5} Detective Bunjak ordered appellant out of the car. He saw a plastic bag sticking out of appellant's front pants pocket, which he removed. The bag contained one large rock of crack cocaine, three small bags of powder cocaine, and marijuana. Detective Bunjak then placed appellant under arrest and handcuffed him. The detective retrieved a digital scale from appellant's other pants pocket, as well as $5,888 in cash.
 {¶ 6} Cleveland Police Sergeant Douglas Dvorak also testified at the suppression hearing. He said that he followed a vehicle from a suspected drug house on Aster off West 130th Street to the area of West 46th Street and Storer Avenue, a neighborhood he recognized as a "high drug activity area" from his eleven years as a vice detective. He was proceeding south on West 46th
Street when he observed two vehicles parked on West 46th
Street, northbound, three houses apart, each with one male occupant. One vehicle was a black Dodge Intrepid, the other was a beige Oldsmobile Aurora. The occupant of the Aurora walked up to the Intrepid, got in the passenger side and remained there for several minutes. He got out and returned to the Aurora for several seconds then went back to the Intrepid, carrying a bag.
 {¶ 7} Detective Bunjak parked his vehicle and got into Sergeant Dvorak's car. They followed the Intrepid and pulled it over. They ordered the driver out of the car. The driver had a baggie sticking out of his pants pocket. Detective Bunjak removed it and saw that it contained suspected cocaine. They then arrested the driver. A search of the driver's person also produced a scale, a large amount of cash and two cellular telephones.
 Law and Analysis {¶ 8} Appellant now asserts that the court erred by overruling his motion to suppress. He argues that the police did not have a reasonable suspicion of criminal activity sufficient to warrant the stop of his vehicle. We disagree.
 {¶ 9} In the seminal case of Terry v. Ohio (1968), 392 U.S. 1, 9, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot." See, also, State v. Andrews (1991),57 Ohio St.3d 86, 565 N.E.2d 1271. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a reasonably prudent police officer to believe that the person stopped has committed or is committing a crime. See, Terry, supra, at 27.
 {¶ 10} Having reviewed the transcript of the suppression hearing, we find that competent, credible evidence supported the trial court's determination that the police officers had a reasonable suspicion of criminal activity sufficient to stop the black Dodge Intrepid to investigate. The transaction between the driver of the Aurora and the driver of this vehicle, specifically, the transfer of a bag from the Aurora to the Intrepid in a neighborhood in which drug activity was common, was an adequate reason to stop the vehicle to investigate further. State v. Bobo (1988), 37 Ohio St.3d 177, 179; State v.Shirey, Fairfield App. No. 04 CA 68, 2005-Ohio-5952, ¶ 18. Once appellant exited the vehicle, the police observed the plastic bag protruding from his pocket and were justified in seizing it under the "plain view" exception to the warrant requirement. State v. Barr (1993),86 Ohio App.3d 227, 233-34. Therefore, we overrule the first assignment of error.
 {¶ 11} In his second assignment of error, appellant contends that the court erred by accepting his no contest pleas without informing him that the imposition of post-release control was mandatory and without informing him about the length of time he would be subject to post-release control.
 {¶ 12} Crim.R. 11(C) requires that, before the court may accept a plea of no contest in a felony case, the court must address the defendant personally and determine that he is making the plea voluntarily "with understanding of * * * the maximum penalty involved * * *." Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term is imposed. State v.Crosswhite, Cuyahoga App. No. 86345, 2006-Ohio-1081, ¶ 7 . The Ohio Supreme Court has previously held that the trial court's failure to notify the defendant of post — release control sanctions before accepting a guilty plea may form the basis to vacate the plea. State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 27. Furthermore, "R.C.2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding post — release control sanctions in a reasonably thorough manner." Crosswhite, 2006 — Ohio-1081, ¶ 7. "Where the trial court fails to personally address the defendant and inform him of the maximum length of the post-release control period before accepting his guilty plea, the court fails to substantially comply with Ohio R.Crim. P. 11(C)(2)(a) and R.C. 2943.032(E)." Id. at ¶ 11.
 {¶ 13} In this case, the court did inform appellant that he was subject to post — release control, and that violation of the terms and conditions of post-release control could result in his being sent back to prison for up to one-half of the original term. The court arguably also informed him that post-release control was mandatory with respect to one of the charges. However, the court never informed appellant (even at sentencing) of the length of the term of mandatory post-release control, five years. State v. Jones (May 24, 2001), Cuyahoga App. No. 77657. Therefore, we sustain the second assignment of error, reverse the judgment of conviction and remand with instructions for the court to vacate the order finding appellant guilty based upon his no contest plea and proceed on the indictment.
 {¶ 14} Reversed and remanded with instructions. It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J. CONCURS PATRICIA ANN BLACKMON, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)