JOURNAL ENTRY AND OPINION
{¶ 1} In this delayed appeal, defendant-appellant, Obed Cortez ("defendant"), challenges his convictions and sentence for 12 counts of rape. Defendant asserts that his plea was not knowingly, voluntarily, and intelligently made because the trial court did not advise him of the aspect of post-release control. For the reasons that follow, we vacate defendant's plea and remand for further proceedings.
 {¶ 2} In counts 1-24 of the indictment, defendant was charged with rape, including sexually violent predator specifications and involving a victim under the age of 13 years. In counts 25-52 of the indictment, defendant was charged with sexual battery, including sexually violent predator specifications and involving his adopted child.
 {¶ 3} The defense and prosecution negotiated a plea agreement whereby defendant would enter a plea of guilty to amended counts 1-12 of the indictment and reducing his potential prison sentence to 120 years. Defendant further stipulated to the sexual predator label. In exchange, the agreed recommended sentence would be 20 years, which the trial court imposed.
 {¶ 4} Defendant raises two assignments of error; however, our decision on the second assignment of error renders the first moot.
 {¶ 5} "II. The appellant's plea and sentence should be reversed due to the trial court's error and trial counsel's failure to fully inform him of the constitutional rights that he would be waiving due to changing his plea and the potential penalties of the charges; therefore, constituting plain error."
 {¶ 6} We reject outright defendant's contention that his trial counsel rendered ineffective assistance by failing to alert the trial court to the statutory requirement of advising defendant of post-release control. First, we are reluctant to presume that defense counsel did not advise defendant of post-release control particularly when counsel stated on the record that he had "advised [defendant] of his various rights." Secondly, defendant has not established prejudice in that had defense counsel raised the matter, it would only ensure that defendant would be subject to the additional sanction and deprive him of any challenge to its attempted imposition. See Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, superceded by statute as stated in State v. Baker, Hamilton App. No. C-050791, 2006-Ohio-4902, fn 5. Although we find that defendant received effective assistance of counsel, that does not resolve the issue concerning the trial court's compliance with Crim.R. 11 before accepting the plea.
 {¶ 7} The State maintains that the provisions of R.C. 2953.08(D) bar defendant from challenging his sentence. While this is true, defendant is not challenging his sentence but rather the voluntariness of his plea. "While R.C. 2953.08(D) forecloses review of the actual sentences imposed by the judge pursuant to an agreed sentence upon a plea of guilty, it is still proper for this court to review the judge's compliance with the dictates of Crim.R. 11 (C), which governs the taking of guilty pleas." State v. Sattiewhite, Cuyahoga App. No. 79365, 2002-Ohio-332.
 {¶ 8} Here, defense counsel negotiated a plea with a recommended sentence of 20 years, where defendant was facing the possibility of independent life sentences on 24 counts of rape, in addition to the potential jail time he was exposed to on the remaining 28 counts of sexual battery. Further, there appears no dispute as to defendant's culpability, which he freely admitted on the record at the sentencing hearing. Nonetheless, defendant maintains he did not enter his plea voluntarily, knowingly, and intelligently as he was not advised of post-release control, which "could amount to additional time in prison."
 {¶ 9} Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed.State v. Perry, Cuyahoga App. No. 82084, 2003-Ohio-6344, citingState v. Jones (May 24, 2001), Cuyahoga App. No. 77657.
 {¶ 10} Pursuant to Crim.R.11, a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. R.C.2943.032(E) requires a trial court, prior to accepting a guilty plea for which a term of imprisonment will be imposed, to inform a defendant regarding post-release sanctions in a reasonably thorough manner. Id., citing Woods v. Telb (2000), 89 Ohio St.3d 504; see, also, State v.Corbin, 141 Ohio App.3d 381, 387. "Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea [i.e., the maximum penalty] as required by Criminal Rule 11 (C)." State v. Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344. There is no specific reference to post-release control anywhere in the record.
 {¶ 11} The State finds the defendant's contentions disingenuous, in that he would allegedly have foregone the plea to face a potential of life in prison in lieu of submitting to post-release control. While it does seem a rather unrealistic proposition, this is what defendant maintains and indeed what he seeks to attain by raising this assignment of error. Accordingly, the second assignment of error is sustained.
 {¶ 12} Defendant's convictions and pleas are vacated and this case is remanded to the trial court for further proceedings.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and CHRISTINE T. McMONAGLE, J., CONCUR