JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Mark Bingham ("Bingham") appeals his conviction and sentence. Finding merit to the appeal, we reverse.
 {¶ 2} In 2006, Bingham pled guilty to one count each of involuntary manslaughter, fleeing and eluding a police officer, vehicular homicide, driving under the influence, and two counts of aggravated vehicular assault, stemming from a police chase that ended in the death of Catherine Moore.
 {¶ 3} Bingham was sentenced to a total of fourteen years in prison. Bingham challenges his guilty plea and the sentence imposed, raising three assignments of error. We review the third assignment of error first because we find it dispositive.
 {¶ 4} In the third assignment of error, Bingham claims that the trial court's plea colloquy was insufficient because he was not adequately advised of the length of his postrelease control. Bingham asks that his guilty plea be vacated.
 {¶ 5} Before accepting a guilty plea, a trial court must substantially comply with the requisites of Crim.R. 11(C)(2)(a). State v. Nero (1990),56 Ohio St.3d 106, 109, 564 N.E.2d 474, citing State v. Stewart (1977),51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163. Crim.R. 11(C)(2)(a) requires a trial court to inform a criminal defendant of the maximum penalty for the offense to which he is pleading guilty. The trial court must also provide the defendant information pertaining to postrelease control during the plea hearing. Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, 857 N.E.2d 78, citing Woods v. Telb, 89 Ohio St.3d 504,2000-Ohio-171, *Page 4 733 N.E.2d 1103. In cases involving a mandatory period of postrelease control, the postrelease control is part "of the maximum penalty involved in an offense for which a prison term will be imposed."State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344 at 10, citingState v. Jones (May 24, 2001), Cuyahoga App. No. 77657, discretionary appeal not allowed, 93 Ohio St.3d 1434, 755 N.E.2d 356.
 {¶ 6} Crim.R. 11(C)(2)(a) does not involve the waiver of a constitutional right; therefore, courts have found that substantial compliance with this portion of the rule is sufficient.Stewart, supra at 93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, supra, citing Stewart.
 {¶ 7} Likewise, R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding postrelease control sanctions in a reasonably thorough manner. State v. Crosswhite, Cuyahoga App. Nos. 86345 and 86346, 2006-Ohio-1081, citing Woods, supra.
 {¶ 8} In the instant case, Bingham pled guilty to felonies of various degrees, including two first degree felonies. A first degree felony carries a mandatory term of five years of postrelease control. R.C.2967.28(B)(1).
 {¶ 9} At the plea hearing, the trial court informed Bingham that "upon your release from prison, you will be placed on postrelease control," thus informing him that postrelease control would be mandatory. The court also informed Bingham that *Page 5 
he could be incarcerated for up to one-half of his original sentence if he violated the terms of postrelease control. The court did not, however, inform Bingham that he would be placed on five years of postrelease control. Thus, the court failed to inform him of the length of his postrelease control.
 {¶ 10} The facts in our recent decision, State v. Morgan, Cuyahoga App. No. 87578, 2007-Ohio-71, are analogous to the instant case. InMorgan, supra, the trial court failed to inform the defendant of the length of time he would be subject to postrelease control, when, by law, he was subject to a mandatory five-year term. We held that the failure to inform the defendant of the length of his postrelease control rendered the plea colloquy insufficient because the trial court failed to substantially comply with Crim.R.11. Id.
 {¶ 11} We are cognizant of the cases where we have decided that the trial court need not inform the defendant of the length of his postrelease control at the time of sentencing. State v. Hill (2005), 160 Ohio App.3d 324, 827 N.E.2d 351; State v. Johnson, Cuyahoga App. No. 83117, 2004-Ohio-4229. Bingham, however, is challenging the sufficiency of the plea hearing. Crim.R. 11 applies to plea hearings, not to the sentencing of a criminal defendant.
 {¶ 12} We are bound by the rule's mandate that, at the time of his plea, the defendant be made aware of the maximum penalty involved. Because a mandatory term of postrelease control is part of Bingham's maximum sentence, and because Crim.R. 11 mandates that every defendant be made aware of the maximum possible *Page 6 
sentence, the trial court must inform Bingham of the length of his postrelease control. The failure to do so leaves us with no choice but to find that the trial court failed to substantially comply with Crim.R.11 and thus to vacate Bingham's plea.
 {¶ 13} Therefore, the third assignment of error is sustained. Because the third assignment of error is dispositive, we need not consider Bingham's other assigned errors regarding his sentence.[1]
 {¶ 14} Accordingly, we reverse the judgment of conviction, vacate Bingham's plea, and remand for further proceedings.
It is ordered that appellant recover of appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J. and MARY J. BOYLE, J. CONCUR
[1] In the first assignment of error, Bingham argues that his sentence must be vacated because the trial court failed to fully advise him at sentencing regarding his postrelease control. In the second assignment of error, he claims that the trial court erroneously imposed a sentence that violates Blakely v. Washington (2004), 542 U.S. 296,159 L.Ed.2d 403, 124 S.Ct. 2531. *Page 1