JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio ("State") appeals from the trial court's decision to vacate Parris Boswell's ("Boswell") plea. The State argues that the trial court did inform Boswell that he might be subjected to postrelease control, and therefore it substantially complied with Ohio law. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On February 15, 2000, a Cuyahoga County Grand Jury returned an indictment charging Boswell with aggravated burglary, a first degree felony, and assault, a first degree misdemeanor. On March 6, 2000, a Cuyahoga County Grand Jury returned an indictment charging Boswell with aggravated robbery with firearm specifications, a first degree felony; felonious assault with firearm specifications, a *Page 3 
second degree felony; and having a weapon while under disability, a fourth degree felony.
 {¶ 3} On May 15, 2000, the trial court conducted a plea hearing with Boswell. During the hearing, the trial court told Boswell that he "may be subject to post-release control."[1] Boswell told the court that he understood, and then pleaded guilty to all five crimes as charged in the two separate indictments. On June 5, 2000, the trial court sentenced Boswell to a total prison term of sixteen years. On September 9, 2004 and on April 4, 2005, Boswell filed motions for a delayed appeal with this court. This court dismissed both appeals. On June 8, 2005, Boswell filed a motion with the trial court, seeking to vacate his May 15, 2000 plea agreement. In his motion, Boswell argued that the trial court failed to accurately and adequately inform him of the mandatory term of postrelease control that applied to his charges. Boswell further argued that the trial court did not advise him of any penalties for violating postrelease control. Accordingly, Boswell claimed that his guilty pleas must be vacated. The State opposed this motion; more than a year later, on May 9, 2006, the trial court vacated the guilty pleas entered on May 15, 2000. The State appeals, raising a single assignment of error.[2] *Page 4 
 "The trial court erred in granting Boswell's motion to withdraw guilty plea six years after the plea. Journal entry dated 5/11/2006."
 {¶ 4} Pursuant to Crim.R. 32.1, a postsentence motion to withdraw a guilty plea should only be granted to correct manifest injustice.State v. Woods, Cuyahoga App. No. 84993, 2005-Ohio-3425. In reviewing the trial court's decision to deny or grant a defendant's motion to withdraw his guilty plea, this court's standard of review is limited to a determination of whether the trial court abused its discretion. Id. An abuse of discretion constitutes more than just an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 5} Here, the State argues that manifest injustice did not occur because the trial court substantially complied with the requirements of Crim.R. 11(C) when informing Boswell of the postrelease control requirements. We disagree with this argument.
 {¶ 6} Crim.R. 11 requires that, before the court may accept a plea of guilty in a felony case, the court must address the defendant personally and determine that he is making the plea voluntarily and "with understanding of * * * the maximum penalty involved." State v.Morgan, Cuyahoga App. No. 87578, 2007-Ohio-71; State v. Brusiter, Cuyahoga App. No. 87819, 2006-Ohio-6444. "Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term is imposed." Morgan, at paragraph 12. The Ohio Supreme Court has *Page 5 
previously held that the trial court's failure to notify the defendant of postrelease control sanctions before accepting a guilty plea may form the basis to vacate the plea. State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085; Morgan, supra.
 {¶ 7} Additionally, "R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform the defendant regarding postrelease control sanctions in a reasonably thorough manner." Brusiter, supra; See, also, Morgan, supra. "Without an adequate explanation of post-release control from the trial court, the defendant could not fully understand the consequences of his plea as required by Crim.R. 11(C). Id.
 {¶ 8} The State argues that the trial court substantially complied with the requirements of Crim.R. 11(C) when informing Boswell of the postrelease control requirements. However, prior to taking Boswell's guilty pleas to first and second degree felonies, the trial court failed to inform him that he would be subjected to mandatory postrelease control for five years and the consequences that would result if he violated the terms and conditions of his postrelease control. Instead, the trial court told Boswell that he "may be subject to post-release control."
 {¶ 9} In the present case, the record is clear that the trial court failed to advise Boswell that he was subject to a mandatory five-year term of postrelease control following his prison sentence. This court has repeatedly held that, where the trial court failed to personally address a defendant and inform him of the maximum length of postrelease control before accepting his guilty plea, the court fails to substantially *Page 6 
comply with Crim.R. 11 (C)(2)(a) and R.C. 2943.032. Brusiter, supra;Morgan, supra; State v. Cortez, Cuyahoga App. No. 87871, 2007-Ohio-261.State v. McCollins, Cuyahoga App. No. 87182, 2006-Ohio-4886; State v.Crosswhite, Cuyahoga App. No. 86345, 2006-Ohio-1081; State v.Pendleton, Cuyahoga App. No. 84514, 2005-Ohio-3126.
 {¶ 10} We further find that Boswell was not required to demonstrate prejudice by the trial court's error. In State v. Delventhal, Cuyahoga App. No. 81034, 2003-Ohio-1503, this court determined that the prejudice requirement is applied as part of the substantial compliance rule. "Where the judge is required to inform the defendant personally and entirely fails to do so there is no further need to determine whether prejudice occurred, and this rule is not limited only to warnings that are constitutionally required." Cortez, supra.
 {¶ 11} Additionally, we overrule any argument that because Boswell was not subjected to a term of postrelease control, no manifest injustice occurred. This argument ignores the fact that at the time Boswell entered his plea, he was not fully informed of the maximum penalty involved. The fact that the trial court did not subject Boswell to a term of postrelease control is irrelevant; at the time he entered his plea, he did not know the maximum penalty involved. Therefore, the trial court did not comply with Crim.R. 11 and R.C. 2943.032(E).
 {¶ 12} Because the trial court failed to advise Boswell of the maximum length of postrelease control before entering his guilty plea, the trial court did not *Page 7 
substantially comply with the requirements of Crim.R. 11(C)(2)(a) and R.C. 2943.032. Therefore, we affirm the trial court's decision to vacate Boswell's plea.
 {¶ 13} The State also raises the argument that the merits of Boswell's motion to vacate his plea are barred by the doctrine of res judicata. However, in putting forth this argument, the State has failed to separately argue it in its brief, in violation of App.R. 16(A). Accordingly, we may disregard this portion of the State's appeal. App.R. 12(A)(2).
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
KENNETH A. ROCCO, J., and
MARY J. BOYLE, J., DISSENTS (SEE SEPARATE DISSENTING OPINION)
[1] Transcript of hearing dated May 15, 2000, attached to Parris Boswell's addendum to motion to vacate plea.
[2] The State's two separate appeals have been consolidated.