Lanzinger, J.,
dissenting.
{¶ 14} I respectfully dissent and would affirm the judgment of the court of appeals upholding the trial court’s vacation of Boswell’s plea and granting him a new trial.
{¶ 15} Even though the appellate court mischaracterized Boswell’s motion as a postsentence motion to withdraw his plea and, therefore, applied the more onerous standard of manifest injustice, it nonetheless determined that Boswell’s motion should have been granted. State v. Boswell, Cuyahoga App. Nos. 88292 and 88293, 2007-Ohio-5718, 2007 WL 3105264, ¶ 12. The trial court had failed to advise Boswell of the maximum length of postrelease control as required by Crim.R. 11(C)(2)(a) and R.C. 2943.032 before he entered his guilty plea. The appellate court’s judgment is consistent with this court’s recent holdings in State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of syllabus (“If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court *580 fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause” [emphasis added]) and State v. Clark, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 (there is a complete failure to comply with Crim.R. 11 when a trial court does not inform the defendant of a mandatory period of postrelease control).
{¶ 16} This case illustrates the danger that results from holdings that a sentencing error is not just a mistake in the exercise of the court’s jurisdiction, but is rather considered a lack of jurisdiction altogether. A defendant is able to attack his conviction five years later on a motion to vacate his guilty plea. But this is only the beginning. Defendants whose sentences failed to include postrelease control and whose sentences are “void” are arguably entitled to a writ of habeas corpus. See Davis v. Wolfe (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051 (when a court’s judgment is void, habeas corpus is generally an appropriate remedy despite the availability of appeal).
{¶ 17} For these reasons, I continue to believe that all errors during the plea hearing and at sentencing should be corrected on direct appeal. I have departed consistently from recent decisions of this court that have held sentences to be void when they have contained errors of the type that ordinarily would have been correctable on direct appeal. See State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (Lanzinger, J., dissenting); State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306 (Lanzinger, J., concurring); and State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568 (Lanzinger, J., dissenting).
{¶ 18} In my view, correction of any sentencing error should be sought within 30 days, so that all parties may rely upon a sentence that was imposed and is being served. Both the defendant and the state would stand on level ground in terms of how and when a challenge to the plea and sentence may be made. I would hold that in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is contrary to law, and the parties have their appeals as of right pursuant to R.C. 2953.08. To allow collateral attack in addition to appeal undermines the principles of res judicata. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.
{¶ 19} There is no need for this court to distinguish postrelease-control errors from other sentencing errors. The General Assembly has acted to allow a procedure for the trial court to correct a sentence that lacks the required postrelease control, provided that the correction is made while the defendant is still in prison. See R.C. 2929.191, enacted by 2006 Am.Sub.H.B. No. 137.[1]
*581 William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Freeman, Assistant Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Kelly K. Curtis, Assistant Public Defender, for appellee.
{¶ 20} Because the record amply demonstrates that Boswell is entitled to withdraw his guilty plea under current caselaw, I would affirm the judgment of the court of appeals. I therefore dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.

. The constitutionality of this enactment is currently before the court, however. See case No. 2007-0693, State v. Bloomer, Pulton App. No. F-06-012, 2007-Ohio-1039, 2007 WL 707473; case No. *581 2007-1415, State v. Mosmeyer (June 20, 2007), Hamilton App. No. C-060747; and case No. 2007-1439, State v. Barnes, Portage App. No. 2006-P-0089, 2007-Ohio-3362, 2007 WL 1881509.