JOURNAL ENTRY and OPINION.
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Robert Brown ("Brown") appeals the trial court's imposition of consecutive sentences for his conviction for possession of drugs and his probation violation arising from a prior conviction. Finding merit to the appeal, we vacate the sentence and remand the case for resentencing.
 {¶ 3} In August 1998, after Brown pled guilty to theft in Case No. CR-362382, the court placed him on community control sanctions. In September 1999, he pled guilty to a new theft charge, which constituted a probation violation for the August 1998 conviction. The court then sentenced him to ten months on both offenses and ran these sentences consecutively. However, after serving one year in prison, the court granted Brown's motion for judicial release in September 2000 and placed him on community control sanctions.
 {¶ 4} In December 2001, Brown violated his supervision again and pled guilty to possession of drugs in Case No. CR-414030. The court again sentenced him to community control sanctions, ordered him to complete an inpatient drug treatment program, and ordered him to pay restitution for one of the prior theft convictions. The court also informed him that should he violate the terms of his community control sanctions, he would receive a twelve-month prison sentence.
 {¶ 5} In December 2002, Brown was charged with one count of possession of drugs in Case No. CR-431468. The court conducted a probation violation hearing for Brown's prior conviction in Case No. CR-414030, found him to be a probation violator, and imposed a twelve-month sentence, to run consecutive to his sentence for the prior theft conviction in CR-376274.[1]
 {¶ 6} In March 2003, Brown pled guilty to one count of possession of drugs in Case No. CR-431468. The court, noting it was familiar with Brown and his criminal history, proceeded immediately to sentencing. The court sentenced him to six months incarceration for possession of drugs in Case No. CR-431468. The court further ordered that Brown serve this sentence and his sentence for his probation violation in Case No. CR-414030 consecutively, for a total of eighteen months' incarceration. This appeal followed.
 {¶ 7} In his sole assignment of error, Brown argues that the trial court erred in sentencing him to consecutive sentences. At the sentencing hearing, the court stated that the law required that Brown's sentence in Case No. CR-431468 run consecutively to the probation violation sentence. Brown argues that because Senate Bill 2 relieved the courts of the mandate which required that incarceration resulting from probation violations run consecutively to a new sentence, the court should not have automatically run the sentences consecutively. Brown further argues that the court erred by imposing consecutive sentences without setting forth the mandatory findings required by R.C. 2929.14(E)(4) and 2929.19(B)(2)(c).
 {¶ 8} The State concedes that the trial court erred when it stated that the law required that Brown's sentence on the drug conviction must run consecutive to the probation violation sentence.
 {¶ 9} Accordingly, we vacate the sentence and remand the case for resentencing.
 {¶ 10} The sentence is vacated, and this cause is remanded for resentencing.
 {¶ 11} It is ordered that appellant recover of appellee his costs herein taxed.
 {¶ 12} It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and JAMES J. SWEENEY, J. concur.
[1] Case No. CR-376274 is not part of the instant appeal.