JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Jerome Pendleton, appeals from the trial court's acceptance of his plea of guilty and from the sentence the court imposed. Defendant pleaded guilty to three felonies in two cases. He states three assignments of error. We address only the first assignment of error, because it disposes of the case.
 {¶ 2} "I. The trial court failed to substantially comply with the mandates of Crim.R. 11."
 {¶ 3} Defendant argues that his plea was not knowingly and intelligently made because he was not informed that after he served the sentence which would be imposed, he would be subject to a mandatory three-year term of post-release control. The state concedes that the court did not discuss post-release control at the plea hearing but claims that because it was thoroughly discussed at the sentencing hearing, the conviction may stand.
 {¶ 4} The trial court informed defendant of the potential prison sentences for each of the felonies as well as of the firearm specifications on two of the felonies. It also informed him that he could be facing consecutive sentences. Without informing him that mandatory post-release control would be part of his sentence, the court asked defendant, "[d]o you understand the charges and the possible penalties, sir?" Tr. at 12. Defendant asserts the trial court failed to comply with Crim.R. 11 because he was not informed of the potential maximum sentence he faced.
 {¶ 5} The acceptance of a guilty plea is governed by Crim.R. 11, which states in pertinent part:
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
Determining that the defendant is making the plea voluntarily, withunderstanding of the nature of the charges and of the maximum penaltyinvolved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
Crim.R. 11(C)(2), emphasis added.
 {¶ 6} If defendants are not informed of the maximum penalty when they plead guilty or no contest, their pleas are not knowing, intelligent, and voluntary.
 {¶ 7} In the case at bar, the judge who accepted the plea[1]
erroneously advised that the firearm specification carried a mandatory three-year sentence, whereas both the appellant and appellee agree it was only a one-year addition. Thus defendant was not correctly advised of the maximum penalty.
 {¶ 8} Defendant properly raises a second problem with the plea colloquy in this case. Under R.C. 2943.032, a court is required to inform a defendant of post-release control at the plea hearing:
"Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the courtshall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
* * *
(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months. (Emphasis added.)"
 {¶ 9} As this court held in State v. Delventhal, Cuyahoga App. No. 81034, 2003-Ohio-1503 ¶ 4, footnotes omitted:
"R.C. 2943.032 * * * states that, prior to accepting a guilty plea, a judge "shall inform the defendant personally" that he may be subject to an additional prison term if he violates the conditions of post-release control."
 {¶ 10} The state argues that Woods v. Telb requires the court to inform the defendant of the post-release control at only one of the two hearings. It claims that if the court informs the defendant of post-release control at the sentencing hearing, it has fulfilled the requirement. The language in question reads:
"we hold that pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Because the record clearly indicates that the petitioner was advised of discretionary post-release control both in his signed plea form and in his sentencing entry, we find no violation of the separation of powers doctrine in this case."
Woods v. Telb (2000), 89 Ohio St.3d 504, 513 (emphasis added).
 {¶ 11} In Woods, the Supreme Court was addressing the case of a defendant who had pled guilty and was advised at that time of post-release control. The issue in Woods was the constitutionality of post-release control, not what determined when the advisement need be given. For a defendant who has not pled guilty, the court has the alternative of informing a defendant at sentencing of post-release control. But this alternative operates only when the defendant has not pled guilty.
 {¶ 12} In Delventhal, Cuyahoga App. No. 81034, 2003-Ohio-1503, this court, rejecting the state's interpretation of this statute in Woods,
explained:
"The State misconstrues unfortunate language in the Ohio Supreme Court's decision in Woods v. Telb, a separation of powers challenge, which stated that "pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence." This language, however, cannot be used to nullify application of statutes and court rules that were neither addressed nor interpreted in Woods, and which separately require notification of post-release control at both a plea hearing and a sentencing. Moreover, to interpret Woods as stating that information at a sentencing can validate a plea hearing, or vice versa, would flout settled principles governing both plea hearings and sentencing hearings.
R.C. 2943.032(E) requires the judge to inform a defendant of post-release control sanctions prior to accepting a guilty plea. R.C.2929.19(B)(3) requires the judge to inform the defendant, at the sentencing hearing, that post-release control sanctions may be or will be imposed at the conclusion of the prison term and the penalties if such controls are violated. Regardless of the language in Woods, these statutes state separate and independent requirements. Informing a defendant of post-release control at sentencing cannot validate a guilty plea entered without such knowledge, nor can information at a plea hearing substitute for the actual imposition of sentence required under R.C. 2929.19(B)(3)."
Id. ¶¶ 5-6, footnotes omitted. See also State v. Windle, Hocking App. No. 03CA16, 2004-Ohio-6827 ¶ 12.
 {¶ 13} "R.C. 2929.14(F) makes clear the fact that post-release control is part of an offender's sentence." State v. Lamb (2004),156 Ohio App.3d 128 ¶ 13 and ¶ 15. Failure to inform a defendant at the time he enters his plea that post-release control is a part of his sentence requires the plea be vacated because it was not knowing and intelligent. Id. ¶ 18. See also State v. Perdue, Montgomery App. No. 20234, 2004-Ohio-6788; State v. Mercadante, Cuyahoga App. No. 81246, 2004-Ohio-3593 ¶ 30.
 {¶ 14} "To hold otherwise would circumvent R.C. 2943.032 and Crim.R. 11(C)(2)(a). A defendant has the right to know about post-release control before entering a guilty plea. Allowing a trial court to inform the defendant about post-release control at sentencing would be inherently tardy for the purposes of the defendant entering a knowing and voluntarily guilty plea." State v. Johnson, Lake App. No. 2002-L-024, 2004-Ohio-331 ¶ 25.
 {¶ 15} As the First Appellate District explained in a case prior to SB 2:
"The potential sentence hanging over a pleading defendant is one of the important matters on his mind, if not the most important, it being a major "consequence" of his plea. The court need take but a few moments to determine whether the accused understands the penalties involved, a necessary step in finding the answer to the central question whether the plea is offered voluntarily. State v. Wilson (1978), 55 Ohio App.2d 64, 66."
 {¶ 16} Because the trial court failed to inform him of the post-release control portion of his sentence, as well as the maximum, defendant's plea was not knowingly and intelligently made. Accordingly, this assignment of error has merit. The plea and conviction are vacated and the case remanded for further proceedings consistent with this opinion.[2]
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Cooney, J., concur.
[1] There was a different judge at sentencing, who gave the correct one-year sentence for the gun specification.
[2] The remaining two assignments of error are moot. They state:
II. The trial court erred in not permitting Defendant-Appellant to withdraw his guilty plea prior to sentencing
III. The trial court failed to make the necessary finding on the record necessary for the imposition of the sentence.