OPINION.
{¶ 1} Defendant-appellant Glenn Gulley appeals from the judgment of the trial court convicting him of burglary, in violation of R.C. 2911.12(A)(2), upon his guilty plea and sentencing him to a five-year prison term. In his single assignment of error, Gulley contends that he did not voluntarily enter his guilty plea because (1) the trial court misinformed him that he was subject to a discretionary, rather than a mandatory, period of post-release control, and (2) the trial court did not adequately inform him of the maximum penalty involved in his plea, and of the consequences of violating post-release control, as required by Crim.R. 11(C)(2)(a).
 {¶ 2} In State v. Jordan, the Ohio Supreme Court definitively determined that a trial court "is duty-bound to notify [an] offender" about post-release control at sentencing regardless of whether that information was earlier conveyed at the time of a plea. 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at ¶ 22. The court, construing R.C. 2929.19(B)(3),2967.28(B), and 2967.28(F)(3), held that a trial court "is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its journal entry imposing sentence." State v.Jordan, paragraph one of the syllabus (emphasis added); see, also, R.C. 2929.19(B)(3). The supreme court, with reference to its decision in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, observed that notifying the offender is best achieved by "personally advising" him at the sentencing hearing. See State v. Jordan at fn. 2; see, also, R.C. 2929.19(B)(3). Any sentence imposed without this notice at sentencing is contrary to law and is void. See State v. Jordan
at ¶ 23; see, also, R.C. 2953.08(G)(2); State v. Burgin, 1st Dist. No. C-020755, 2003-Ohio-4963, at ¶ 9.
 {¶ 3} The Jordan court also noted that a trial court's failure to provide post-release notification before accepting a guilty or no-contest plea may form the basis to vacate the plea. See State v. Jordan at ¶ 28. Today, we hold in this case that because the trial court failed to personally address Gulley and inform him of the correct mandatory length of the post-release-control period — a part of his sentence — before accepting his guilty plea, the court failed to substantially comply with Crim.R. 11(C) (2(a) and R.C. 2943.032(E). Gulley's plea must therefore be vacated and his conviction reversed.
 The Trial Court's Misstatements at the Plea Colloquy {¶ 4} After consulting with his counsel, Gulley signed a form withdrawing his not-guilty plea and entering a guilty plea to burglary, a second-degree felony. The plea form stated, "After prison release, I may have (5 years for F-1 or sex offense) or [sic] up to 3 years of post-release control." (Emphasis added.) The form also noted that Gulley could be returned to prison for nine months for a violation of the conditions of post-release control, for a total additional imprisonment not to exceed one-half of his original five-year sentence. Gulley acknowledged to the trial court that he had read and understood the form before signing it.
 {¶ 5} In its plea colloquy, the trial court told Gulley, "Once you've served your time, the parole board will decide whether or not they want to place you on Post-Release Control, what we used to call `parole.' If they do place you on Post-Release Control, and you violate the conditions [of] that control, you can be sent back to the penitentiary. Do you understand that?" Gulley answered in the affirmative.
 {¶ 6} Although Am.Sub.S.B. No. 2 had been in effect for over eight years when Gulley entered his guilty plea, the trial court's remarks reflected its lack of attention to detail in carrying out its duties both before accepting a guilty plea and at sentencing. Just as the scheme "makes sentencing a more complex task," so a trial court accepting a plea of guilty or no contest must also "consider and analyze numerous sections of the Revised Code and must provide notice to offenders" of their impact on the offenders. Id. This is one of a number of cases that suggests that trial courts would be well served by a checklist or script when they advise offenders of the post-release-control implications of pleas to ensure compliance with Crim.R. 11(C) and R.C. 2943.032.
 {¶ 7} In State v. DeArmond (1995), 108 Ohio App.3d 239,242, 670 N.E.2d 531 (citations omitted), this court reaffirmed that trial "courts must ensure that a criminal defendant realizes what he is giving up [when entering a plea of no contest or guilty]. `The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" The purpose of the rules and statutes that govern the acceptance of a plea is "to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473, 479-480,423 N.E.2d 115.
 {¶ 8} The trial court's notice of post-release control at Gulley's plea hearing was flawed in three respects: (1) both the plea form and the trial court misinformed him that, after his release from prison for a second-degree felony, post-release control was within the discretion of the Adult Parole Authority ("APA"); (2) when personally addressing Gulley, the trial court did not mention that a new prison term of up to nine months for a violation of the conditions of post-release control could be imposed; and (3) the trial court failed to tell Gulley that, in addition to a potential maximum prison term of eight years for his burglary conviction, he would be supervised for three years by the APA.
 Notice of Post-Release Control Required at the Plea Hearing {¶ 9} The state concedes that at the plea hearing Gulley was misinformed that his post-release control would be discretionary. By operation of law, Gulley was subject to a mandatory period of post-release control. See R.C. 2929.19(B)(3)(c) and 2976.28(B); see, also, State v. Madaris, 156 Ohio App.3d 211,2004-Ohio-653, 805 N.E.2d 150, at ¶ 14. The state misinterprets the statement in State v. Jordan at ¶ 22 that "the distinction between discretionary and mandatory post-release control is one without a difference." Appellee's Brief at 3. As the very next phrase in the quoted case reveals, the distinction is without a difference "with regard to the duty of the trial court to notify the offender at the sentencing hearing" about post-release control. State v. Jordan at ¶ 22. Only in this context is the difference between a mandatory period and a discretionary period of post-release control irrelevant.
 {¶ 10} The thrust of the state's argument is that because post-release-control notification "truly is part of the sentencing hearing," the trial court was not required to inform Gulley about being subject to post-release control at the plea hearing. Thus, Gulley cannot demonstrate that he was prejudiced by any misstatement at the plea hearing. This argument presupposes that Gulley received the correct notice at sentencing. He did not, as the trial court again repeated that post-release control would be at the discretion of the APA. Cf. R.C. 2929.13(B)(3).
 {¶ 11} By statute and by rule, however, the trial court also has an independent duty, separate from its sentencing obligations, to inform a defendant personally of post-release control before accepting a plea of guilty or no contest. First, before accepting a plea and imposing a prison term, under R.C.2943.032(E), the trial court is required to "inform the defendant personally that * * * [i]f the offender violates the conditions of a post-release control sanction * * * upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months."[1] See State v. Brown, 1st Dist. Nos. C-020162, C-020163, and C-020164, 2002-Ohio-5983 at ¶ 30; see, also, State v. Pendleton, 8th Dist. No. 84514, 2005-Ohio-3126, at ¶ 8-9.
 {¶ 12} Next, Crim.R. 11(C) also requires a trial court to "first address the defendant personally" and to inform him of the constitutional and statutory rights he is waiving before accepting a plea of guilty or no contest. The rule provides that "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: * * * (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximumpenalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a) (emphasis added).
 Post-Release Control is a Part of a Felony Offender's Sentence {¶ 13} If the trial court imposes a prison term for the underlying felony "it shall include in the sentence" a period of post-release control. R.C. 2929.14(F) (emphasis added). Thus post-release control is a part of every felony offender's sentence of imprisonment. See R.C. 2929.14(F) and 2929.19(B)(3); see, also, State v. Jordan at ¶ 20; Woods v. Telb,89 Ohio St.3d at 511, 2000-Ohio-171, 733 N.E.2d 1103 (post-release control is "part of the actual sentence"). The sanctions imposed for violations of post-release-control conditions are also "part of this sentence." R.C. 2929.19(B)(3)(e).
 {¶ 14} "As part of the sentence, [post-release control] is a fortiori intertwined with the requirements of Crim.R. 11(C)(2)(a), which provides that before the trial court accepts a [guilty or a] no-contest plea, it must first `address the defendant personally' and inform him of the `maximum penalty involved.'" State v. Madaris at ¶ 17; see, also, State v.Perry, 8th Dist. No. 82085, 2003-Ohio-6344, at ¶ 10. Since post-release control and the sanctions for violations of it are part of an offender's sentence that increase the maximum penalty involved, the trial court must inform an offender of them before accepting his plea of guilty or no contest. To require otherwise would deny a defendant essential information necessary to make an intelligent and voluntary plea decision.
 {¶ 15} Because post-release control is part of the maximum penalty involved, a trial court violates its duty under Crim.R. 11(C)(2)(a) when it fails to inform a defendant of a mandatory post-release-control period and instead informs him that "he `could' be subject" to a discretionary period. See State v.Perdue, 2nd Dist. No. 20234, 2004-Ohio-6788, at ¶ 7-8, appeal not allowed, 105 Ohio St.3d 1500, 2005-Ohio-1666, 825 N.E.2d 623; see, also, State v. Lamb, 156 Ohio App.3d 128, 2004-Ohio-474,804 N.E.2d 1027, at ¶ 16.
 {¶ 16} Thus, under Crim.R. 11(C)(2)(a) and R.C. 2943.032(E), we hold that, prior to accepting a defendant's plea, the trial court is required to inform the defendant personally of (1) the maximum penalty for the offense involved, including (2) the length of any mandatory or discretionary post-release control, as well as (3) the consequences of a violation of post-release control, including the imposition of a new prison term up to nine months in duration. The trial court's failure to provide the notification before accepting a guilty plea may form the basis to vacate the plea. See State v. Jordan at ¶ 28. This court and the courts of eight other appellate districts agree. See Statev. Brown at ¶ 29 (1st Dist.); State v. Carnicom, 2nd Dist. No. 2003-CA-4, 2003-Ohio-4711, at ¶ 16; State v. Haynie,157 Ohio App.3d 708, 2004-Ohio-2452, 813 N.E.2d 686, at ¶ 22 (3rd Dist.);State v. Windle, 4th Dist. No. 03CA16, 2004-Ohio-6827, at ¶ 12;State v. Lamb, 156 Ohio App.3d 128, 2004-Ohio-474,804 N.E.2d 1027 (6th Dist.); State v. Tucci, 7th Dist. No. 01 CA 234, 2002-Ohio-6903, at ¶ 34; State v. Pendleton at ¶ 13 (8th Dist.); State v. Johnson, 11th Dist. No. 2002-L-024,2004-Ohio-331, at ¶ 21; and State v. Prom, 12th Dist. No. CA2002-01-007, 2003-Ohio-6543, at ¶ 29.
 Substantial-Compliance Scrutiny {¶ 17} When articulating the nonconstitutional notifications of Crim.R. 11(C)(2)(a), such as the maximum penalty involved, the trial court need only "substantially comply" with the rule. SeeState v. Ballard, 66 Ohio St.2d at 475, 423 N.E.2d 115, citingState v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163; see, also, State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, 820 N.E.2d 355, at ¶ 45; State v. Yanez,150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146, at ¶ 31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
 {¶ 18} In State v. Yanez at ¶ 31-32, we held that the trial court's statutory duty to personally address a noncitizen defendant and inform him of the immigration consequences of entering a guilty or no-contest plea as required by R.C. 2943.031
was analogous to the nonconstitutional notifications stated in Crim.R. 11(C)(2)(a) and was thus subject to the substantial-compliance standard. See, also, State v. Francis at ¶ 48. The statutory right to receive the plea notification of post-release control, under R.C. 2943.032(E), is also similar to the nonconstitutional notifications of Crim.R. 11(C)(2)(a). Therefore, when giving the post-release-control notifications required by R.C. 2943.032(E), before accepting a guilty or no-contest plea, a trial court must also substantially comply with the statute and ensure that a defendant knows of the post-release-control consequences of his plea. See State v.Brown, at ¶ 30.
 Gulley Was Not Misled By the Reference to a Discretionary Period {¶ 19} While a trial court can violate its duty under Crim.R. 11(C)(2)(a) when it misinforms a defendant that his mandatory post-release-control period is discretionary, see State v.Perdue at ¶ 7-8, here the trial court's misstatement did not prejudice Gulley's understanding of the effect of his plea and sentence. The presentence investigation reveals that Gulley is a career criminal with an extensive record of offenses. He has thirteen felony and four misdemeanor convictions, including convictions for aggravated burglary, breaking and entering, possession of criminal tools, and receiving stolen property. He has twice committed crimes shortly after release from confinement while on parole or probation. It would have been unrealistic for Gulley to have expected the parole authority to impose less than the full period of post-release control. The record demonstrates that the notice that Gulley received was, in this instance, tantamount to the required notice of a mandatory period of post-release control.
 The Trial Court Did Not Personally Address Gulley and Inform Him of the Maximum-Penalty and Prison-Duration Consequences of His Plea {¶ 20} At the plea hearing, the trial court failed to address Gulley personally and inform him (1) of the three-year duration of the post-release-control period required by R.C.2967.28(B)(2), and (2) that if he was returned to prison for a violation of a condition of post-release control, the duration of the term could be up to nine months under R.C. 2943.032(E).
 {¶ 21} Where a trial court omits any reference to the imposition of post-release control in its pre-plea colloquy with the defendant, there is no compliance with Crim.R. 11(C)(2)(a) and R.C. 2943.032(E), and the defendant's plea must be vacated. See, e.g., State v. Pendleton at ¶ 16; State v. Johnson at ¶ 28. Where the trial court mentions post-release control, complying with R.C. 2943.032(E), but fails to inform the defendant of the duration of a mandatory post-release-control period, the trial court also fails to substantially comply with the maximum-penalty requirements of Crim.R. 11(C)(2)(a). See, also, State v. Lamb at ¶ 16; State v. Windle at ¶ 12. Similarly, if the trial court fails to inform the defendant at the plea hearing that additional prison time can be imposed for a violation of post-release control, the defendant's plea must also be vacated, as a reviewing court cannot say whether the plea would have otherwise been made. See, e.g., State v. Tucci at ¶ 33-34.
 {¶ 22} But a rote recitation of the post-release-control notification is not required. For example, where the trial court erroneously overstates the length of additional prison time that can be imposed for a violation of post-release-control conditions, the defendant is not prejudiced. See State v.Carnicom at ¶ 15-16.
 {¶ 23} Here, the trial court completely failed to inform Gulley personally of the three-year duration of his period of post-release control before accepting his plea. The trial court also failed to include in its colloquy the duration of any additional prison time for violations of post-release-control conditions. Because post-release control was part of Gulley's sentence, the trial court did not substantially comply with the maximum-penalty component of Crim.R. 11(C)(2)(a) and the additional prison-duration component of R.C. 2943.032(E) before accepting his plea.
 {¶ 24} Although Gulley acknowledged that he had read and signed the plea form that correctly stated the length of the period of post-release control and the additional prison term for a violation of a post-release-control conditions, we have held that a written plea form that recites the maximum penalties for an offense is not alone substantial compliance with Crim.R.11(C)(2)(a), if the trial court fails to address the defendant personally. See State v. Wilson (1978),55 Ohio App.2d 64, 379 N.E.2d 273; see, also, State v. Yanez, at ¶ 38.
 {¶ 25} Although the written plea form that Gulley signed after consultation with his counsel incorrectly stated that the post-release-control period was discretionary, it correctly identified the length of the period of post-release control and of the additional prison terms for violations. Both R.C. 2943.032
and Crim.R. 11(C) require the trial court to address the defendant personally: "written statements do not satisfy this requirement" or fulfill the General Assembly's intent to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.State v. Yanez at ¶ 38; see, also, State v. Nero,56 Ohio St.3d at 107, 564 N.E.2d 474. This is especially true, when, as here, the plea form conveys less than completely accurate information. See State v. Madaris at ¶ 13; see, also, State v.Brown at ¶ 13 and ¶ 29; State v. Windle at ¶ 12; State v.Lamb at ¶ 18.
 {¶ 26} Because Gulley was not given accurate information about the consequences of his plea, we hold, under the totality of the circumstances, that the trial court did not substantially comply with the requirements of Crim.R. 11(C)(2)(a) and R.C.2943.032(E). As a result, the trial court erred when it accepted Gulley's guilty plea. The assignment of error is well taken.
 Remedy {¶ 27} The failure to provide notice of post-release control at the plea hearing cannot form the basis of a claim to modify a sentence by eliminating any post-release-control requirements. See State v. Jordan, at ¶ 28. Because Gulley's guilty plea was not knowing and voluntary, his plea and sentence are hereby vacated, the judgment is reversed, and the case is remanded for further proceedings consistent with this Opinion.
Judgment accordingly.
Painter and Hendon, JJ., concur.
[1] We note that R.C. 2967.28(F) additionally limits the potential length of a prison term for violating a condition of post-release control to "nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender." Under R.C. 2929.19(B)(3)(e), the trial court is not required to provide the half-term information until the time of sentencing. Since the touchstone of plea procedures is to provide sufficient information to a defendant so that he can make an intelligent decision, however, we have previously suggested providing all available information to a defendant before he enters a plea of guilty. See State v. Madaris at ¶ 17.