JOURNAL ENTRY AND OPINION
{¶ 1} Michael Evans ("Evans") appeals the sentence imposed by the Cuyahoga County Common Pleas Court. Evans argues that the trial court failed to accurately inform him of the possible sanctions for violating post-release control, and improperly sentenced him to consecutive sentences without making the required findings. For the following reasons, we affirm Evans' convictions, vacate the imposed sentence, and remand for resentencing.
 {¶ 2} The Cuyahoga County Grand Jury indicted Evans in three cases, CR449177, CR448319, and CR449275. During the plea hearing, the trial court informed Evans that he could be ordered to serve a three-year period of post-release control at the discretion of the parole board. The trial court also informed Evans that if he violated the terms of post-release control, he could be ordered to serve up to three more years in prison. Evans then entered guilty pleas as follows: in case CR449177, he pled guilty to forgery and receiving stolen property; in case CR448319, he pled guilty to telecommunications fraud and theft; in case CR449275, he pled guilty to four counts of tampering with records and one count of theft.
 {¶ 3} Prior to the indictment, the trial court placed Evans on community controlled supervision in cases CR429979, CR439245, and CR442722. After Evans pled guilty to the three new cases, he stipulated to violating his community control sanctions. The trial court documented the stipulation and noted that Evans had violated the terms of his community control sanctions.
 {¶ 4} The trial court sentenced Evans as follows: in case CR449177, Evans received two ten-month terms of imprisonment; in case CR448319, the trial court also sentenced Evans to two ten-month terms of imprisonment; and in CR449275, Evans received three years on each of the four counts of tampering with records, and six months on the charge of theft. The trial court ordered Evans to serve all prison terms concurrently.
 {¶ 5} For violating the terms of his community control, the trial court sentenced Evans as follows: in case CR429979, he received nine months of imprisonment; in case CR439245, he received nine months of imprisonment; and in case CR442722, he received a sentence of eight months of imprisonment. The trial court ordered Evans to serve the prison terms in CR429979, CR439245, and CR442722 concurrent with each other but consecutive to the prison terms imposed in CR449177, CR448319, and CR449275.
 {¶ 6} After the court imposed sentence, it reminded Evans that upon his release from prison, the parole board may place him on post-release control, and that if he violated post-release control, he could serve an additional prison term of three years.
 {¶ 7} Evans filed two appeals, appellate case numbers 84966 and 86219, which have been consolidated for purposes of record, briefing, hearing, and disposition. Evans raises the four assignments of error contained in the appendix to this opinion.
 {¶ 8} In his first assignment of error, Evans argues that during the plea hearing, the trial court inaccurately informed him of the consequences of violating post-release control, thereby rendering his plea involuntarily. Specifically, Evans claims that the guilty pleas entered in cases CR449177, CR448319, and CR449275 were not knowingly and voluntarily entered into pursuant to Crim.R. 11 because the trial court failed to accurately inform him of the maximum sentence that could be imposed for violation of post-release control. We disagree.
 {¶ 9} Before accepting a guilty plea, the trial court has the duty to inform a defendant personally of post-release control. Under R.C.2943.032(E), a trial court is required to "inform the defendant personally that * * * if the offender violates the conditions of a post-release control sanction * * * upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months." State v.Pendleton, Cuyahoga App. No. 84514, 2005-Ohio-3126; State v. Brown,
Hamilton App. Nos. C-020162, C-020164, 2002-Ohio-5983. R.C. 2967.28(F) limits the maximum cumulative prison term for all violations, to one-half of the stated prison term originally imposed upon the offender. However, under R.C. 2929.19(B)(3)(e), the trial court is not required to provide the half-term information until the time of sentencing. See State v.Gulley, Hamilton App. No. C-040675, 2005-Ohio-4592.
 {¶ 10} The trial court's failure to provide the notification before accepting a guilty plea may form the basis to vacate the plea.Pendleton, supra, at paragraph 13. However, "a rote recitation of the post-release control notification is not required. For example, where the trial court erroneously overstates the length of additional prison time that can be imposed for a violation of post-release control conditions, the defendant is not prejudiced." Gulley, at paragraph 22, citing Statev. Carnicom, Miami App. No. 2003-CA-4, 2003-Ohio-4711.
 {¶ 11} Ohio courts have held that the statutory right to receive the plea notification of post-release control, under R.C. 2943.032(E), is similar to the nonconstitutional notifications of Crim.R. 11(C)(2)(a).Brown, supra, at paragraph 30; Gulley, supra, at paragraph 18. "Therefore, when giving the post-release control notifications required by R.C. 2943.032(E), before accepting a guilty or no contest plea, a trial court must also substantially comply with the statute and ensure that a defendant knows of the post-release control consequences of his plea." Gulley, at paragraph 18.
 {¶ 12} In the present case, Evans claims that he did not voluntarily and knowingly plead guilty because the trial court incorrectly stated the maximum prison term for violating post-release control. Specifically, Evans argues that the trial court sentenced him to a total prison term of eighty-two months, and one-half of that term is forty-one months, or three years and five months. Evans claims that because the trial court stated he could be subject to an additional prison term of three years, not three years and five months, he did not knowingly and voluntarily enter into his guilty pleas as he did not know of the maximum penalty for violation of post-release control. Evans' interpretation of the statute is erroneous.
 {¶ 13} The statutes cited above make it clear that before accepting a plea the trial court must inform a defendant of the possible post-release control term, and the possible consequences of a violation of post-release control, including the imposition of a new prison term of up to nine months in duration. R.C. 2943.032(E), Pendleton, supra. It is only at the sentencing hearing that the court must inform a defendant of the maximum prison term that could be imposed for violation of post-release control. Logic dictates that it is only at the time of the sentencing hearing that the trial court is aware of the sentence it will impose and only then can it adequately inform a defendant of the maximum prison term that could be imposed for violation of post-release control, or one-half of the sentence imposed. Asking a trial court to inform a defendant of this information at the time of the plea is asking a court to do the impossible, accurately predict what sentence it would impose, and then calculate what one-half of that sentence would be.
 {¶ 14} In the present case, the trial court complied with the required statutes. Prior to accepting Evans' plea, the trial court properly informed him that he could be subject to a three-year term of post-release control at the discretion of the parole board. The trial court further stated that violation of post-release control could result in an additional prison term of three years. Though the three-year term stated by the trial court exceeds the nine-month term required by R.C.2943.032(E) it is clear that the trial court substantially complied with the requirements of R.C. 2943.032(E). Morever, the record reflects that Evans was aware of the possible term of post-release control and that an additional prison sentence could be imposed for its violation.
 {¶ 15} Accordingly, we find the trial court complied with Crim.R. 11(C) and R.C. 2943.032. We further find that Evans knowingly and voluntarily pled guilty in cases CR449177, CR448319, and CR449275 and therefore, overrule Evans' first assignment of error.
 {¶ 16} In Evans' second assignment of error, he argues that the trial court failed to accurately inform him at his sentencing hearing of the maximum prison term that could be imposed for violation of post-release control. We agree.
 {¶ 17} Our standard of review on appeal is not whether the trial court abused its discretion. State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169. Pursuant to R.C. 2953.08, an appellate court may increase, reduce or otherwise modify a sentence that is appealed, or an appellate court may vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence, it is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assoc. v. Messengale (1991), 58 Ohio St.3d 121, 122. See, also, State v. Hubbard, Cuyahoga App. No. 85387, 2005-Ohio-4977.
 {¶ 18} Pursuant to R.C. 2929.19(B)(3)(d) and (e), if the trial court "determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following * * * [n]otify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison * * * and if the offender violates that supervision or a condition of post-release control * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."
 {¶ 19} As agreed to by both Evans and the State, the trial court inaccurately informed Evans of the maximum penalty that could be imposed for violating post-release control at the time of sentencing. At the sentencing hearing, the trial court told Evans that if he violated post-release control, he could be subject to an additional prison term of three years. However, as is stated above, one-half of the originally imposed sentence is three years and five months, five months longer than stated by the trial court.
This assignment of error has merit.
 {¶ 20} In his fourth assignment of error, Evans argues that the trial court failed to articulate the findings required to impose consecutive sentences. We also agree.
 {¶ 21} Before imposing consecutive sentences, a trial court must: (1) make statutorily enumerated findings and (2) give reasons supporting those findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus. At a sentencing hearing, a "trial court must first consider the factors set forth in R.C. 2929.12(B) and (C) to determine how to accomplish the overriding purposes of felony sentencing embraced in R.C. 2929.11, Comer, supra, and may not impose consecutive sentences for multiple offenses unless it finds the existence of three factors set forth in R.C. 2929.14(E)(4)." State v. Adkins, Lucas App. No. L-02-1190, 2003-Ohio-7250, at paragraph 64.
 {¶ 22} After considering the R.C. 2929.12 factors, a trial court may impose consecutive sentences when the sentences are both (1) necessary either to protect the public from future crime or to punish the offender and (2) not disproportionate to the seriousness of the offender's conduct and the danger posed to the public by such offender. R.C. 2929.14(E)(4). The trial court must also find one of the following three enumerated circumstances:
"(a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of the RevisedCode, or was under post-release control for a prior offense.
 "(b) At least two of the multiple offenses were committed as part ofone or more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 "(c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender." R.C. 2929.14(E)(4)(a)-(c)."
 {¶ 23} Accordingly, if a trial court does not make all the necessary findings under R.C. 2929.14(E)(4), and if it does not support those findings with its reasoning, the court may not impose consecutive sentences on a defendant. Comer, supra.
 {¶ 24} During Evans' sentencing hearing, the trial court stated the following, "the two new cases, by operation of law the sentence will have to run consecutive to the time you are serving on your probation violation cases." The trial court did not support this statement with any authority nor does appellee's brief support this argument with either statutory authority or case law. Appellee merely states that the trial court correctly imposed consecutive sentences for the violations of community control and the newly indicted cases.
 {¶ 25} In State v. Brown, Cuyahoga App. No. 82751, 2003-Ohio-5498, our appellate court vacated a consecutive sentence imposed under identical circumstances. In Brown, the trial court stated that the law required Brown's sentence in a new conviction to run consecutively to the probation violation sentence. Our appellate court disagreed, vacated the sentence, and remanded the case to the trial court for resentencing.
 {¶ 26} It is clear that no mandate exists that requires a trial court to impose mandatory consecutive sentences when a trial court sentences an individual for violations of community control sanctions and also imposes a sentence in a new case. It is also clear that in the present case, the trial court did not comport with the requirements of R.C. 2929.14(E)(4). Accordingly, we find by clear and convincing evidence that the consecutive sentences imposed on Evans are contrary to law.
 {¶ 27} For the reasons stated in Evans' second and fourth assignments of error, we vacate his sentence and remand the cause for resentencing.
 {¶ 28} Our discussion of Evans' second and fourth assignments of error renders his third assignment of error moot.
 {¶ 29} We affirm Evans' convictions, vacate the imposed sentence, and remand for resentencing.
It is ordered that the appellee recover from appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Rocco, J., concur.
Appendix A
 Assignments of Error
 "I. The record fails to affirmatively demonstrate that the appellantknowingly and voluntarily waived his rights as required by Criminal Rule11, ORC 2943.032 and R.C. 2967.28 with full knowledge of the sentence,including the maximum post-release sentence that could be imposed.
 II. The trial court failed to inform appellant at the sentencing orplea of the possible prison term that can be imposed pursuant toviolations of post-release control as part of the sentence as requiredunder R.C. 2943.032 and R.C. 2929.19(B)(3)(d) and (e).
 III. The post-release control is void and must be vacated since thedefendant was not advised of the terms of post-release control and theconsequences of violations at sentencing.
 IV. The trial court failed at the sentencing hearing to articulate thereasons supporting the requisite findings to impose consecutivesentences."