JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Michael McCollins, appeals his guilty pleas to felonious assault, in violation of R.C. 2903.11, with notice of prior conviction and repeat violent offender specifications, pursuant to R.C. 2929.13 and 2941.149, respectively, and also domestic violence, in violation of R.C. 2919.25. He previously served three years on felonious assault and domestic violence charges. After defendant nearly killed the same victim upon his release, the victim voluntarily went to defendant's home, where he again assaulted her.
 {¶ 2} Defendant was declared indigent and pleaded not guilty through his assigned counsel. He subsequently appeared before the trial court, with counsel, to change his pleas from not guilty to guilty. On count one (felonious assault with a prior conviction and repeat violent offender specifications), the trial court sentenced defendant to four years to run consecutive to his attempted murder sentence in Case No. CR-453575.[1]
 {¶ 3} Defendant now appeals both his sentence and his plea and states two assignments of error for review. Defendant's first assignment of error, however, is dispositive:
THE APPELLANT DID NOT KNOWINGLY AND VOLUNTARILY WAIVE HIS RIGHTS AS REQUIRED BY CRIMINAL RULE 11, R.C. 2943.032 AND R.C.2967.28 WITH FULL KNOWLEDGE OF THE MAXIMUM POST-RELEASE SENTENCE THAT COULD BE IMPOSED WHEN HE CHANGED HIS PLEA.
 {¶ 4} Defendant argues that he did not knowingly and voluntarily waive his rights, because he was not notified of the maximum postrelease sentence. Specifically, defendant argues the trial court never "stated during the guilty plea proceeding or the sentencing that a post-release control period or prison term of up to nine months or one half of the sentence could be imposed upon [him]." Without such an explanation, defendant claims he could not have understood the consequences of his plea, and therefore, the plea should be vacated. We agree.
 {¶ 5} After changing his plea from not guilty to guilty, the trial court informed defendant that he was facing two to eight years on the felonious assault charge, three to ten years on the repeat violent offender specification, and eighteen months on the domestic violence charge. The trial court "indicated for the record that [it] would sentence [defendant] to no more than two years consecutive [to the sentence defendant was already serving for attempted murder on the same victim]." Before accepting defendant's guilty plea, the trial court asked whether defendant's plea was voluntary and whether anyone had made other threats or promises. Confirming that his plea was voluntary and that he had not received any other threats or promises, defendant entered a guilty plea.
 {¶ 6} The trial court then told defendant that "if [he is] sent to the institution and [he is] place[d] on post-release control, [his] failure to abide by conditions could result in further criminal charges or further administrative time." Defendant acknowledged that he understood the conditions, whereupon the trial court accepted his guilty plea. There was no further discussion as to what the maximum sentence could be. The issue here is whether the trial court's colloquy with defendant at his plea hearing adequately informed defendant of his maximum penalty.
 {¶ 7} Prior to accepting a guilty plea, a trial court must determine that (1) the defendant is making the plea voluntarily and (2) the defendant fully understands the nature of the charge and the maximum penalty. Crim.R. 11(C)(2)(a). This court has previously held: "`Post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C).'" State v. Paris, Cuyahoga App. No. 83519,2004-Ohio-5965, at ¶ 5, quoting State v. Griffin, Cuyahoga App. No. 83724 at 7, 2004-Ohio-4344, citing State v. Jones (May 24, 2001), Cuyahoga App. No. 77657; see, also, State v. Perry,
Cuyahoga App. No. 82085, 2003-Ohio-6344, ¶ 10.
 {¶ 8} The First Appellate District has explained that both "[b]y statute and by rule * * * the trial court also has an independent duty, separate from its sentencing to adequately inform a defendant personally of post-release control before accepting a plea of guilty or no contest." See State v. Gulley,
Hamilton App. No. C-040675, 2005-Ohio-4592, at ¶ 11. Specifically, R.C. 2943.032(E) requires the trial court to explain that "if the [defendant] violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the [defendant] a residential sanction that includes a new prison term up to nine months." Gulley at ¶ 11; State v.Pendleton, Cuyahoga App. No. 84514, 2005-Ohio-3126 at ¶¶ 8-9.
 {¶ 9} In addition, Crim.R. 11(C) requires the trial court to determine that defendant understands "the maximum penalty involved." Gulley at ¶ 12. However, "a rote recitation of the post-release-control notification is not required." Id. at ¶ 22. "When articulating the nonconstitutional notifications of Crim.R. 11(C)(2)(a), such as the maximum penalty involved, the trial court need only `substantially comply' with the rule." Id. at ¶ 17, citing State v. Ballard (1981), 66 Ohio St.2d 473, 475. See, also, City of Cleveland v. Wanzo (1998),129 Ohio App.3d 664, which held that "[t]he `substantial compliance' standard * * * applies to non-constitutional rights."
 {¶ 10} To substantially comply, the trial court must determine that "under the totality of circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Gulley at ¶ 17. As Judge Gorman so comprehensively and clearly explained in Gulley:
Where a trial court omits any reference to the imposition of post-release control in its pre-plea colloquy with the defendant, there is no compliance with Crim.R. 11(C)(2)(a) and R.C.2943.032(E), and the defendant's plea must be vacated. See, e.g.,State v. Pendleton at ¶ 16; State v. Johnson at ¶ 28. Where the trial court mentions postrelease control, complying with R.C.2943.032(E), but fails to inform the defendant of the duration of a mandatory post-release-control period, the trial court also fails to substantially comply with the maximum-penalty requirements of Crim.R. 11(C)(2)(a). See, also, State v. Lamb
at ¶ 16; State v. Windle at ¶ 12. Similarly, if the trial court fails to inform the defendant at the plea hearing that additional prison time can be imposed for a violation of post-release control, the defendant's plea must also be vacated, as a reviewing court cannot say whether the plea would have otherwise been made. See, e.g., State v. Tucci at ¶ 33-34. Id. at ¶ 21. See also State v. Perry, 2003-Ohio-6344, at ¶ 10.
 {¶ 11} In the case at bar, the trial court failed to substantially comply with the applicable statutes, because it did not inform defendant about the duration of the mandatory postrelease control period. Thus defendant's plea was not made knowingly or voluntarily, and, therefore, his plea must be vacated. Because this assignment of error is dispositive, defendant's final assignment of error is moot.[2]
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia A. Blackmon, J., concurs.
Christine T. Mcmonagle, J., concurs In Judgment Only.
[1] On count two (domestic violence charge), the court imposed one year to run concurrent with count one and CR-453575.
[2] Assignment of Error II reads: THE TRIAL COURT IS BOUND BY ITS PROMISE OF A LIMITED CONSECUTIVE SENTENCE, AND IT IS NOT FREE TO IMPOSE A CONSECUTIVE PRISON TERM OF A GREATER LENGTH AT SENTENCING.