JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Conrad ("Conrad"), appeals his conviction. Finding merit to the appeal, we reverse the judgment and vacate Conrad's plea.
 {¶ 2} In 2006, Conrad was charged with two counts of robbery and one count of theft stemming from the robbery of a Charter One Bank branch in Cleveland. The robbery counts contained notices of prior conviction and repeat violent offender ("RVO") specifications. Conrad pled guilty to one count of robbery with the accompanying notice and RVO specification and was sentenced to eight years in prison.
 {¶ 3} Although Conrad did not file a motion to withdraw his guilty plea with the trial court, he now argues that his plea was not knowingly and intelligently made. He raises five assignments of error in his appeal, but we will consider only the first assignment of error, which is dispositive.
 {¶ 4} In his first assignment of error, Conrad argues that the trial court erred when it failed to inform him of postrelease control during the plea hearing. We agree.
 {¶ 5} First, we review the instant case for plain error because Conrad failed to challenge his guilty plea at the trial court. See State v.Edwards, Cuyahoga App. No. 85908, 2006-Ohio-2315, citing State v.Carmon, (Nov. 18, 1999), Cuyahoga App. No. 75377 (holding that "the failure to file a Crim.R. 32.1 motion or otherwise *Page 4 
challenge a guilty plea at the trial level constitutes waiver of the issue on appeal."). Thus, we review the instant case only for plain errors or defects affecting Conrad's substantial rights pursuant to Crim.R. 52(B). See State v. Tisdale (Dec. 17, 1998), Cuyahoga App. No. 74331, State v. Leon (Mar. 12, 1998), Cuyahoga App. No. 72407.
 {¶ 6} Crim.R. 11(C)(2) requires that the court personally address a defendant who enters a guilty plea and determine that the defendant is making the plea with an understanding of the maximum penalty involved. Ohio courts have determined that although literal compliance with Crim.R. 11(C)(2)(a) is preferred, substantial compliance is sufficient.State v. Caplinger (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959, citing State v. Johnson (1988), 40 Ohio St.3d 130, 532 N.E.2d 1295;State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.
 {¶ 7} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, supra at 108, citingState v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." Caplinger, supra at 572, citingNero, supra at 108-109. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." Nero, supra at 108, citing Stewart, supra at 93; Crim.R. 52(A). In *Page 5 
determining prejudice, "[t]he test is whether the plea would have otherwise been made." Nero, supra, at 108.
 {¶ 8} R.C. 2943.032(E) requires that, prior to accepting a guilty plea for which a term of imprisonment will be imposed, the trial court must inform a defendant regarding postrelease control sanctions in a reasonably thorough manner. State v. Crosswhite, Cuyahoga App. Nos. 86345 and 86346, 2006-Ohio-1081. "Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation by the trial court of postrelease control, a defendant cannot fully understand the consequences of his plea as required by Criminal Rule 11(C)." State v.Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344, citing State v.Jones (May 24, 2001), Cuyahoga App. No. 77657, discretionary appeal not allowed, 93 Ohio St.3d 1434, 755 N.E.2d 356, No. 01-1295. Thus, to substantially comply with Crim.R. 11(C)(2)(a) and R.C. 2943.032(E), a trial court must advise a defendant of any mandatory postrelease control period at the time of the defendant's plea. See State v. Lamb,156 Ohio App.3d 128, 133, 2004-Ohio-474, at Tf16, 804 N.E.2d 1027. The failure to do so renders the plea colloquy insufficient and substantial compliance with Crim.R. 11(C)(2)(a) and R.C. 2943.032 is not achieved. State v.Brusiter, Cuyahoga App. No. 87819, 2006-Ohio-6444; State v.McCollins, Cuyahoga App. No. 87182, 2006-Ohio-4886; Crosswhite, supra;State v. Pendleton, Cuyahoga App. No. 84514, 2005-Ohio-3126. *Page 6 
 {¶ 9} In State v. Gulley, Hamilton App. No. C-040675, 2005-Ohio-4592, the court held that:
 "Where a trial court omits any reference to the imposition of post-release control in its pre-plea colloquy with the defendant, there is no compliance with Crim.R. 11(C)(2)(a) and R.C. 2943.032(E), and the defendant's plea must be vacated. [citations omitted]."[1]
 {¶ 10} Although the State argues that it was sufficient that the assistant prosecutor informed Conrad about postrelease control, we find that the trial court must personally inform the defendant regarding postrelease control. See State v. Delventhal, Cuyahoga App. No. 81034, 2003-Ohio-1503. We find it insufficient for the prosecutor or defense counsel to state on the record that postrelease control is part of the sentence. Although the language in Crim.R. 11(C)(a) merely requires that the trial court "determine" that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, the plain language of R.C. 2943.032
requires more.[2] R.C. 2943.032 states that the court *Page 7 
"shall inform the defendant personally" regarding postrelease control. Thus, the statute requires that the trial judge must personally advise the defendant of postrelease control and not rely on counsel's mentioning it on the record.
 {¶ 11} In the instant case, the State, in its recitation of the plea agreement, indicated that the potential maximum penalty Conrad faced also included a term of five years of postrelease control.[3] The trial court failed to make any mention of postrelease control during the plea hearing or any possible penalty for violating postrelease control.
 {¶ 12} We further find that the trial court's error was plain and not harmless. In Delventhal, supra at ¶ 8, we stated that the prejudice requirement is applied as part of the substantial compliance rule, citing Stewart, supra at 93 and Nero, supra at 108. "Where the judge is required to inform the defendant personally and entirely fails to do so there is no further need to determine whether prejudice occurred, and this rule is not limited only to warnings that are constitutionally required." Id., citing State v. Higgs (1997), 123 Ohio App.3d 400,407-408, 704 N.E.2d 308.
 {¶ 13} Thus, because the trial court failed to inform Conrad of postrelease control during the plea hearing, we find that Conrad's plea was not knowingly and *Page 8 
intelligently made. Therefore, we vacate the plea and remand the case to the trial court.[4]
 {¶ 14} The first assignment of error is sustained.
 {¶ 15} Because the first assignment of error is dispositive, the remaining assignments of error are moot.[5]
 {¶ 16} Judgment reversed; plea vacated and case remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee his costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR
[1] We note that Gulley, supra, was overruled in part by State v.Fuller, Hamilton App. No. C-040318, 2007-Ohio-1020, to the extent that the Gulley court found that a trial court violates its duty under Crim.R. 11(C)(2)(a) when it misinforms a defendant that a mandatory period of postrelease control is discretionary. See Watkins v.Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78.
[2] The use of the word "determine" in Crim.R. 11 may lead some to believe that it would be sufficient for the State or defense counsel to apprise the defendant of postrelease control.
[3] In fact, the period of postrelease control for a felony of the second degree is three years. R.C. 2967.28(B)(2).
[4] The Ohio Supreme Court recently held that when a defendant is not informed about the imposition of postrelease control at his sentencing hearing, the sentence is void and the trial court must conduct a new sentencing hearing. State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. We find the same rationale requires that we vacate a plea when the trial court fails to inform the defendant of mandatory postrelease control at the plea hearing.
[5] The remaining assignments of error allege as follows: Assignment of Error No. II: "The trial court erred resulting in prejudice to appellant when it failed to substantially comply with the requirement of informing appellant of the maximum penalty during the plea colloquy."
Assignment of Error No. III: "The trial court erred resulting in prejudice to appellant when it failed to inform appellant during the plea colloquy that in a trial he would be afforded the legal presumption of innocence."
Assignment of Error No. IV: "The trial court erred resulting in prejudice to appellant when it failed during the plea colloquy to inform appellant that his plea invested the court with the authority to proceed with judgment and sentence."
Assignment of Error No. V: "The trial court erred resulting in prejudice to appellant when it failed to ascertain during the plea colloquy whether appellant was entering his plea voluntarily." *Page 1