JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Kurt Kinkopf (Kinkopf), appeals his plea, sentence, and sexually oriented offender designation. After reviewing the parties' arguments and pertinent case law, we reverse the judgment and vacate Kinkopf s plea.
 {¶ 2} On August 21, 2007, a Cuyahoga County Grand Jury indicted Kinkopf with one count of attempted rape, one count of kidnapping with a sexual motivation specification, and one count of gross sexual imposition.
 {¶ 3} On October 17, 2007, the trial court amended the charge of attempted rape to sexual battery. On the same day, Kinkopf pleaded guilty to sexual battery and gross sexual imposition. The charge of kidnapping was nolled.
 {¶ 4} On November 15, 2007, the trial court sentenced Kinkopf to two years of imprisonment as follows: two years for sexual battery and one year for gross sexual imposition, to be served concurrently. Thereafter, the trial court conducted a House Bill 180 hearing and designated Kinkopf as a sexually oriented offender.
 {¶ 5} Kinkopf appeals, asserting four assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE
 "Kinkopf s guilty plea was not made knowingly, voluntarily and intelligently, and, as a result, the court's acceptance of *Page 4 that plea was in violation of Kinkopf s constitutional rights and Criminal Rule 11."
 {¶ 6} Kinkopf argues that his plea was not knowingly, intelligently, and voluntarily made because the trial court informed him, erroneously, that he would be subject to three years of postrelease control, when in fact he was subject to five years of mandatory postrelease control.
 {¶ 7} Kinkopf failed to raise this issue with the trial court. "[I]t is well settled that appellate courts cannot decide appeals on the basis of information presented in a brief for the first time on appeal."State v. Pettry (Feb. 22, 2001), Cuyahoga App. No. 78186; see, also,State v. Ishmail (1978), 54 Ohio St.2d 402. "An issue is waived, absent a showing of plain error, if it is not raised at the trial level."State v. Phillips (1995), 74 Ohio St.3d 72; State v. Glaros (1960), 170 Ohio St. 471; Crim. R. 52.
 {¶ 8} Crim. R. 52(B) reads: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 9} Kinkopf never raised the issue of two additional years of postrelease control and its effect on his plea with the trial court. Instead, Kinkopf raised this issue for the first time on appeal. We are thus precluded from deciding this issue absent a showing of plain error. See Pettry; see, also, Phillips. *Page 5 
 {¶ 10} As it pertains to postrelease control and entertaining pleas, we have held that:
 "Crim. R. 11(C)(2) requires that the court personally address a defendant who enters a guilty plea and determine that the defendant is making the plea with an understanding of the maximum penalty involved. Ohio courts have determined that although literal compliance with Crim. R. 11(C)(2)(a) is preferred, substantial compliance is sufficient." State v. Conrad, Cuyahoga App. No. 88934, 2007-Ohio-5717.
 {¶ 11} Also, R.C. 2943.032 requires that the trial court inform the defendant personally of postrelease control.
 {¶ 12} The State argues that the trial court substantially complied with the requirements set forth in Crim. R. 11(C). However, the record makes it clear that the trial court failed to advise Kinkopf that he was subject to five years of mandatory postrelease control following his prison sentence.
 "This court has repeatedly held that, where the trial court failed to personally address a defendant and inform him of the maximum length of postrelease control before accepting his guilty plea, the court fails to substantially comply with Crim. R. 11(C)(2)(a)." State v. Boswell, Cuyahoga App. Nos. 88292 and 88293, 2007-Ohio-5718.
 {¶ 13} "The failure to do so renders the plea colloquy insufficient and substantial compliance with Crim. R. 11(C)(2)(a) and R.C. 2943.032 is not achieved." Conrad at___8.
 {¶ 14} In the case sub judice, the trial court did not inform Kinkopf that he would be subject to five years of mandatory postrelease control. Rather, the trial *Page 6 
court informed Kinkopf, erroneously, that he would be subject to three years of postrelease control and did not address whether postrelease control was mandatory. Thus, the trial court's error was plain and not harmless because the trial court failed to inform Kinkopf of the maximum length of postrelease control. Thus, Kinkopf s resulting plea was not knowingly and intelligently made.
 {¶ 15} Kinkopf s first assignment of error is sustained.
ASSIGNMENT OF ERROR NUMBER TWO
 "Kinkopf was denied due process of law when the court failed to follow that statutory guidelines in imposing a sentence in this case."
 {¶ 16} In light of our ruling on Kinkopf s first assignment of error, his second assignment of error is moot.
ASSIGNMENT OF ERROR NUMBER THREE
 "The application of Ohio's sexual offender statute (R.C. Chapter 2950) to a case involving a single disputed incident in which no sexual contact actually occurred, and the alleged offender is a first-time offender, is unreasonable and arbitrary, and bears no rational relationship to the statute's purpose. As so applied, the statute violates due process under the Ohio and U.S. Constitutions, thereby requiring that the `sexual offender' designation be vacated as to this defendant." *Page 7 
 {¶ 17} In light of our ruling on Kinkopf s first assignment of error, his third assignment of error is moot.
ASSIGNMENT OF ERROR NUMBER FOUR
 "Any application to Kinkopfs case of the "Adam Walsh" amendments that were made, effective January 1, 2008, to Ohio's sexual offender statute (R.C. Chapter 2950) violates Kinkopfs constitutional rights under the Ohio and U.S. Constitutions."
 {¶ 18} Although thoroughly briefed and argued and although an issue of significant import, the application of the Adam Walsh Act in Kinkopfs case is moot in light of our ruling on Kinkopfs first assignment of error.
Judgment reversed, Kinkopfs plea is vacated and case remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR *Page 1